# Dolberry v. Trice's Executor.

### Action on Promissory Note.

1. *Filing claim against insolvent estate.* — A claim against a decedent's estate, on which a suit is pending when the estate is declared insolvent, is not required to be filed as a claim against the insolvent estate, but the declaration of insolvency should be specially pleaded (Rev. Code, §§ 2208-9), and the judgment, if for the plaintiff, should be certified to the Probate Court.

2. *Transfer of note pending suit.* — The transfer of a note on which a suit is pending is not good matter for a plea in abatement or in bar, but should be pleaded *puis darrein continuance.*

3. *Costs on plea since last continuance.* — On verdict for the defendant, under issue joined on a plea which is only good as a plea *puis darrein continuance,* the defendant is only entitled to judgment for the costs which have accrued since the plea was interposed.

APPEAL from the Circuit Court of Jackson.

The record does not show the name of the presiding judge.

JUDGE & HOLTZCLAW, for appellant.

S. F. RICE, *contra.*

[Dolberry v. Trice's Executor.]

PETERS, J. — This is an action of debt on a promissory note, instituted by Dolberry against Gray, as the executor of Trice, on the 26th day of March, 1866. The summons and complaint were served on the defendant on the 10th day of March, 1868, and on the 2d day of April, 1872, the defendant pleaded two pleas in answer to the complaint. The first alleged the death of Trice, and the insolvency of his estate, and the failure to present the claim and file it, under the insolvent law of this State, within nine months after the declaration of insolvency as required by the Code. The second plea alleged that, after the commencement of the suit, " the plaintiff parted with all his right and title to the promissory note on which this suit is founded, and transferred the same to one John Matthis, who is now the sole owner thereof, having the entire real and beneficial interest therein." Both these pleas were supported by the oath of the defendant Gray. They were both demurred to by the defendant. The demurrers were general. They were overruled by the court below, and the cause was tried by a jury, who found the second plea to be true, and judgment was rendered by the court for the defendant, and the plaintiff was taxed with the costs of the suit in the court below. From this judgment the plaintiff in the court below appeals to this court, and here assigns for error the overruling his demurrers, and the judgment of the court below.

On the trial below there was no bill of exceptions ; but the first plea shows that the estate of Trice was reported insolvent by the executor, before the commencement of this suit ; that is, " on the 13th day of April, 1867 ; " and that it was declared insolvent by the proper court of probate on the 4th day of June, 1867, and that " the alleged promissory note, on which plaintiff's action is founded, was not within nine months after the said declaration of insolvency filed in the office of the judge of probate of said County of Jackson." It has been settled by this court, " that it is not necessary to file in the Probate Court a claim on which suit was commenced prior to the declaration of insolvency of the debtor's estate." *Erwin et al., Executors*, v. *McGuire et al., Administrators*, 44 Ala. 506, 559. The plea in this case shows that the suit was pending at the time of the declaration of insolvency. It was not such a claim, then, as the law required to be filed. The plea was bad. The demurrer to it should have been sustained. In such case, the executor should " plead specially that the estate has been declared insolvent ; " and the issues, if any, should " be tried, and judgment rendered thereon ; " and " such judgment," if for the plaintiff, should be certified and filed as a claim against the estate as required by the Code. Rev. Code, §§ 2208, 2209.

2. The second plea is one of more difficulty. It seems to

[Dolberry v. Trice's Executor.]

be new to our practice. It raises the question, whether the sale or transfer of a promissory note, on which suit is pending, defeats the action? In such case, where there are no precedents to guide, the question is to be solved upon principle; and principle always looks to "right and justice." The plea should be an answer to the facts set up in the complaint, and such an answer as the practice of the court allows to be made. Rev. Code, §§ 2629, 2636. But this may be shown by a plea since the last continuance, which does not, under our practice, affect any other plea already pleaded. Rev. Code, § 2651. The action was properly brought in the name of the proper parties, and, so far as the plea shows, the plaintiff was then entitled to recover. There was, then, no ground for a plea of abatement or in bar, at the commencement of the suit. After this, the suit could not be abated, except for some of the legal grounds for abatement, and this is not one of them. Rev. Code, §§ 2523, 2542, 2543. The proper judgment on such a plea would be that the suit abate, and for costs. The plea here would create a cause for abatement which is not provided for by the statute. From this it may be inferred that it was not intended that it should exist. Then, the effect to be given to the sale or transfer is, that it makes Matthis, the transferee, the beneficiary of the nominal plaintiff after the transfer or sale. This would have been the case before the change of the law, which allowed the transferee to sue in his own name; and it does not violate the rights of any of the parties to the transaction, or impede any meritorious defence on the part of the defendant. And as this tends to the administration of " right and justice," without the violation of any positive rule of law, I deem it sufficient, without other light, to justify the conclusion, that the second plea was also insufficient, and that the court below erred in sustaining it and in overruling the demurrer. Const. Ala. 1867, Art. I. § 15.

3. The judgment for all the costs, in favor of the defendants, is evidently wrong. Had the plea been allowable, only those costs should have been taxed against the plaintiff which accrued after the plea since the last continuance was pleaded. Before that, the plaintiff was not in fault.

Therefore the judgment of the court below is reversed, and the cause remanded for a new trial.