# Lanford v. Lee.

*Assumpsit for Money Had and Received to Recover Exemption of Minor Child.*

1. *The fact of minority gives right to exemption.*—Under Code of 1896, §2073, granting an exemption of personal property in favor of the widow and minor children of a decedent, it is minority, the condition of being under the age of twenty-one years, and that alone, without regard to any other condition or relation, upon which the right of the child to share in the exemption depends. A married daughter, over eighteen but under twenty-one years of age, is a minor child, within the meaning of the statute, entitled to share in the exemption.

2. *A widow's right to receive exemption, impressed with a trust in favor of children; title held in common.*—When the exemption is set apart, if there be a widow, the exemption must be delivered to her, and to her only; but she takes and holds it, impressed with the trust, that she will "employ or use it in maintenance of herself and minor children;" she cannot use or appropriate it exclusively to her own benefit; she has in it

[Lanford v. Lee.]

no exclusive title or interest; her title and interest is in common with the title or interest of the minor child or children.

3. *Family relation need not exist; child "leaving the family" entitled to share.*—The widow and minor children are entitled to exemption, not as an incident to the relation of the family, but because of the status of widowhood and minority, and they are entitled to take and hold it, in the condition in which they are found. If the social relation of a family exists, there may be a dissolution of it by a child "leaving the family," and in that event the child leaving, takes in severalty her share of the exemption remaining unconsumed; but if the family relation does not exist, the right of exemption is not lost, but the minor child or children have the rights they would have if the family relations existed, and they were "leaving the family."

4. *Assumpsit for money had and received; case at bar.*—A testator left surviving his widow who at the time of his death, was living separate from him without the State, and an only daughter, who was married, and over eighteen but under twenty-one years of age; on the selection of the widow an exemption of personal property was set apart for the benefit of herself and daughter, and on its delivery to the widow was converted into money amounting to one thousand dollars; no family relation existing between widow and daughter, the latter demanded one-half the money: *Held*, that on the refusal of the widow to pay, claiming the money as her own exclusively, it became at the election of the daughter, money had and received to her use, for the recovery of which she could maintain assumpsit.

APPEAL from Selma City Court.

Tried before Hon. JOHN W. MABRY.

The suit was brought by appellee immediately on her arrival at twenty-one years of age. The complaint contained two counts, the first, the common count in assumpsit for money had and received, and the second, a special count setting forth the facts in substance as stated in the opinion. The defendant filed a plea of the general issue to first count, and a demurrer to second count directed to its substance and sufficiency as a cause of action. The demurrer was overruled. The court, trying without a jury, rendered judgment for plaintiff. Appellant assigns as error the ruling on the demurrer and the rendition of judgment for plaintiff.

PITTS, PITTS & SAFFOLD, for appellant.—The appel-

lant contends in the first place that appellee under the facts is not entitled to any part of the exemption; and in the second place, if she is entitled to part of it, that she can not now recover,—that the action for money had and received will not lie until the final settlement of the estate, or until the estate is declared insolvent, or unless it is shown that the exemptions exceed the value of the estate. Section 6 of Act of February 9, 1877, provided an exemption in favor of decendent's widow and minor children, "members of his family." Section 7 provided "that any child leaving the family of the deceased is entitled to an equal share of personal property under this act, and which may be on hand at the time such child ceases to be a member of the family." The purpose of the legislature was to provide for the widow and minor child or children, "members of the family of the decedent," who was under the moral and legal duty of maintaining them.—73 Ala. 542. Certainly under this act a minor child married and living apart from the family of the decedent would not be entitled to the exemption.—51 Ala. 493. Sections 6 and 7, above, became sections 2824 and 2825 of Code of 1876. In Code of 1886, the words "members of his family" are omitted, but in section 2546 it is still provided, "any such children, on leaving the family, shall be entitled," etc. "Leaving the family" necessarily implies that the child shall be a member of the decedent's family. We think the child must not only be a minor, but also a member of the family. Suppose Roland Lee had died the day after the death of H. Lanford, would the appellee have been entitled to the exemption out of both the estate of her father and husband? Clearly she would have been entitled to the exemption out of the estate of her husband, being his widow. Well, if she had been entitled to the exemption out of her husband's estate, on what principle would she be also entitled to exemption out of her father's estate? An adopted child is entitled to exemption out of the estate of her adopted father.—93 Ala. 342. Would she also be entitled to share in the exemption of her natural father? If yea, then she would be entitled to share in two exemptions. When she was adopted she became the member of another family, and when she married she became the member of another family. Furthermore, section 2546 provides that if the

estate is solvent, the value of the exemption shall on final settlement be credited "on the distributive shares of the widow and children receiving the benefit thereof." If, therefore, the estate is solvent, each beneficiary of the exemption must account for what he has received on final settlement and not before.—51 Ala. 493. If the estate is insolvent, the exemption vests absolutely in the widow and minors, and there is an accounting between them, when a child "leaves the family," and in no other way.—68 Ala. 365; 76 Ala. 552. We think the right of a child "leaving the family" to share in the exemption unconsumed applies only to insolvent estates, and that the court erred in its finding and judgment.

J. C. COMPTON, and MALLORY & McLEOD, *contra.*—A suit for money had and received is in the nature of an equitable action, and is maintainable whenever one person has money which in equity and good conscience belongs to another.—*Barnett v. Warren,* 82 Ala. 557; 3 Brick. Dig., p. 51, §§10, 11 and 13. The exemption was claimed under section 2546 of Code of 1886, which uses the language "such widow or minor child or children." Like terms are used in sections 2543 and 2544. The requirements are that the beneficiaries shall be the widow or minor child or children of the decedent, and shall survive him. No other requirement can be engrafted on the statute. If the child is a minor and survives the father, the right to exemption is conferred by statute. A married daughter over eighteen and under twenty-one years of age is none the less a minor because her disabilities are removed, any more than a decree in chancery removing the disabilities of minority or coverture, would remove the minority or coverture. It will be observed, that the sections of Code of 1876, brought forward into the Code of 1886 as sections 2543 and 2545, the language is so changed that in no instance are the beneficiaries limited to "members of his family" or "for the use of the family," except in section 2545 providing for certain specific exemptions. No limitation can be injected into the statute.—*Darden v. Reese,* 62 Ala. 311, and cases cited. From sections 2546 and 2547, Code of 1886, it is clear, that, first, said exemptions are for the benefit of the minor child or children as well as for the benefit of the widow, second, that while the widow

and minor child or children live together, the widow has the charge of it, not for herself alone, but it is a trust fund in her hands, to be used for the maintenance of herself and them, and that their beneficial rights to the same are equal to 'hers, and third, that when any child ceased to be a member of the family, it is entitled to an equal share of that on hand unexpended. When the statute says, any child shall be entitled to an equal share of that then on hand, upon leaving the family, it, of course, refers to a status, and it does not require a present physical departure or moving out. Whenever the fact exists that the child is not a member of the family, her right to her share arises. It seems absurd to say, that if there was no family relation existing, and therefore the child could not leave the family, the child could not have his share, because there was no "leaving the family." As stated, the statute necessarily must be construed to refer to a state or condition of absence from the family.

BRICKELL, C. J.—Reason H. Lanford, a resident citizen of the county of Dallas, died therein, on the 19th day of July, 1896, leaving a last will and testament, which after his death was admitted to probate in the court of probate in the county of his residence. The executors therein named duly qualified and letters testamentary were issued to them. The testator left surviving a widow, the appellant, and an only child, the appellee. At the time of his death, the appellant was not living with the testator, but was living separate from him, and had been for more than eleven months, without this State, and did not return here until after his death. At his death the testator was residing with the appellee, a married woman, more than eighteen but under twenty-one years of age. While the relation of step-mother and step-daughter existed between appellant and appellee, there was no social relation, in the sense, or which could be regarded as a living together in the relation of a family.

Upon the claim and selection of the appellant as widow, there was set apart to her, by proper proceedings in the court of probate, for the use of herself as widow, and for the use of appellee, as the minor child of the testator, from the personal assets of the testator, as

exempt from administration, money, choses in action, and cotton, aggregating one thousand dollars. On the day these assets were received by the appellant, she made sale thereof (except the money), for a sum which she received, and which when added to the money amounted to one thousand dollars. Thereupon the appellee demanded of the appellant one-half of the money so received, but payment thereof was refused, the appellant claiming she was entitled to the entire exemption.

Exemptions of personal property from administration are purely statutory. They are derived from and dependent upon statutes. The statute under which the exemption was claimed, and was set apart by the proceedings in the court of probate, is section 2546, Code of 1886, incorporated as section 2073, Code 1896. It provides an additonal exemption to the exemption of specific personal property provided for in the section immediately preceding, and reads: "In favor of such widow and minor child or children, or either, there shall also be exempt from administration and the payment of such debts, personal property belonging to such decedent at the time of his death, to the amount of one thousand dollars in value, to be selected and set apart for them; but if the estate is solvent, the value of such property so selected and set apart shall be, on final settlement and distribution of the estate, credited on the distributive shares of the widow and children receiving the benefit thereof, or on their respective legacies, if by will disposition is made of the entire estate; and any of such children, on leaving the family, shall be entitled to an equal share of the property so exempt, and then on hand."

The contention of the appellant is reducible to, and dependent upon, two propositions—the first of which is, that as the appellee at the death of the testator, was married and above the age of eighteen, though under the age of twenty-one years, she is not a minor child, within the meaning of the statute, entitled to share in the exemption; the *second* is, that as the testator had not at his death a family, and as the social relation of a family did not exist, the appellee is not in the category of a minor child, "leaving the family," and of consequence is not entitled to share in the exemption.

As to the first proposition, the words of the statute are

plain and unambiguous as to the status of the child, or children, who are entitled to take the exemption in common with the widow. The status is simply and exclusively minority, under the age of twenty-one years; and there is no authority in the courts to interpolate the word "unmarried," if, as in the present case, the child be a female; nor if a male the words "who had not been relieved from the disability of non-age." Yet, when reduced to the last analysis, this is the proposition upon which, in this respect, the contention of the appellant rests. The statute can not be misapprehended—it is minority, the condition of being under the age of twenty-one years, and that alone, without regard to any other condition or relation, upon which the right of the child to share in the exemption depends.

As to the second proposition. When the exemption is set apart, the requirement of the statute is, that the property shall be *delivered* to the widow, "to be by her employed or used in maintenance of herself and minor children." There may be a guardian of the child, entitled to take and hold any other and all other personal property of the child; but if there be a widow, the exemption must be delivered to her, and to her only. (Code, 1886, §2547; Code, 1896, §2075.) But she takes and holds it, impressed with the trust, that she will "employ or use it in maintenance of herself and minor children;" she can not use it or appropriate it exclusively for her own benefit; she has in it no exclusive title or interest; her title and interest is in common with the title or interest of the minor child or children. The words of the statute, if narrowly construed, would seem to import that the widow and minor children are living together in the social relation of a family, and that on "leaving the family," a child, whether of full age, or continuing in minority, shall be entitled to an equal share of the exemption as it then remains, unconsumed in the maintenance of the widow and the child or children. If the construction be adopted, that the social relation of family must exist, or a child can not share in the exemption, the construction must be applied to the widow also, and when she is living separate and apart from the children, she can not claim or take the exemption, for she can take only in common with the minor child or children. Such child, or children living,

there is no contingency or event in which the widow can take to their exclusion. But this is too narrow a construction of the statute; it is entitled to and must receive a liberal construction—a construction which will promote and consummate the legislative intention, as distinguished from a mere literal construction, which may operate to lessen or defeat it. The plain purpose, the primary and controlling intention, was to provide an exemption for the widow and minor child or children, not exceeding in value one thousand dollars. If the social relation of a family exists between them, its continuance is contemplated, but not compelled. There may be dissolution of it, by a child "leaving the family," and when that event occurs, the child leaving takes in severalty her share of the exemption. But if the social relation of a family does not exist, the right to the exemption is not lost. The widow and minor children are entitled to it, not as an incident to the relation of family, but because of the status of widowhood and minority, and they are entitled to take and hold it, in the condition in which they are found. The widow receives possession of the exemption; it must be *delivered* to her; but her title is not enlarged, nor that of the minor child or children lessened. The social relation of family not existing, the minor child or children have the rights which they would have if the social relation existed, and they were "leaving the family." The exemption, nor any part of it, having been applied to their maintenance, nor occasion for its application existing, they would be entitled to share in the exemption equally with the widow.

In this case, the widow having converted the exemption *eo instanti* its delivery, into money, it was her duty to pay the appellee one half thereof. Refusing to pay, and claiming the exemption as her own exclusively, the money received by her, at the election of the appellee, became money had and received to her use, for the recovery of which she could maintain assumpsit. Whenever a defendant has money which *ex equo et bono* belongs to the plaintiff, the action for money had and received may be supported.—1 Brick. Dig. 140, §72. These conclusions lead to an affirmance of the judgment of the city court.

Affirmed.