# Kelley *v.* Kelley, *et al.*

## *Assumpsit.*

(Decided November 13, 1913.   63 South. 740.)

1. *Exemptions; Widow and Minors; Recovery on Chose in Action; Parties.*—Where the husband and father dies intestate, and there is no administration upon his estate, and the personal property of which he dies seized and possessed is less than $1,000, the right of action on a promissory note belonging to the husband at the time of his death, and included in his personal property, was in the widow alone, and a suit thereon in the name of the widow and minor children of decedent improperly joined parties complainant (Section 4202, 4203, Code 1907).

2. *Same; Rights of Widow and Minor.*—Where a husband dies intestate leaving a widow and minor children, and no more personal property than the exemption, the minors have no right to possession or disposition of such property during the life of the widow, (Section 4202, Code 1907) unless and until they become of age and leave the family, when the ones or the one so leaving are entitled to their proportionate part of the exemptions that may remain on hand, or unexpended.   (Section 4200, Code 1907.)

3. *Judgment; Parties; Misjoinder; Effect.*—Under the rule that where there are joint plaintiffs, none can recover unless all are entitled to do so, a widow entitled in her own right to recover on a note which was a part of her deceased husband's estate, and which was exempt to her, could not maintain a suit and recover thereon where she improperly joined her minor children as parties plaintiff.

4. *Pleadings; Conclusion; Ownership.*—Under section 4985, Code 1907, the holder of a negotiable instrument suing thereon, if other than the original payee, must allege the method of transfer, and it is not sufficient to allege that the paper was transferred, without stating the quo modo.

[Kelly v. Kelly, et al.]

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Assumpsit by Alice Kelley and others against Albert Kelley. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

STEPHEN J. DARBY, for appellant. The allegation as to the transfer was insufficient as it must be shown how the transfer was made.—*Cobb v. Bryant*, 86 Ala. 316; Sec. 4985, Code 1907. .To be a holder, one must have the legal title.—Sec. 2489, Code 1907. The averment that plaintiff held the legal title to said note was insufficient. —*Browder v. Gaston*, 30 Ala. 677; *Lakeside L. Co. v. Dromgoole*, 89 Ala. 505. The widow should have sued alone, and having joined the minor children, was not entitled to recover, as the rule is that where there are joint plaintiffs, all must be entitled to recover or none can recover. The possession and disposition of exempt property is in the widow, and she alone is entitled to an action for it in the absence of administration.—Sec. 4202, and 4203, Code 1907; *Howle v. Edwards*, 113 Ala. 187.

FELIX L. SMITH, for appellee. The demurrers were general and properly overruled.—Sec. 5340, Code 1907, and authorities there cited. The fact of the ownership of the note cannot be placed in issue by demurrer.— *Howle v. Edwards*, 113 Ala. 196. On the death of the husband intestate, leaving personal property less in value than $1,000, the same vests absolutely in the widow and minor children.—Sec. 4200, Code 1907; *Jackson v. Wilson*, 117 Ala. 435; *Skinner v. Jennings*, 137 Ala. 297. The plaintiffs were the joint holders of the legal title, and therefore, entitled to bring this suit. —Sec. 2489, Code 1907, and authorities there cited.

THOMAS, J.—The appellees, who are the widow and minor children of W. M. Kelley, deceased, brought suit against appellant, defendant in the court below, on a promissory note executed by the latter to one Brittonell, who transferred it to the said W. M. Kelley during his lifetime; it belonging to his estate at the time of his death. The complaint alleged and the proof showed that the said W. M. Kelley died intestate before the commencement of the suit and while a resident of this state; that there had been no administration on his estate or setting aside of exemptions to his widow and minor children; that the total value of the personal property, however, of which he died seised and possessed (including the note here sued on) was less than $1,000; and that the plaintiffs, respectively, were his widow and two minor children, the latter having no guardian, but suing by their mother as next friend, and all, mother and children, claiming the note, together with the other personal property of the estate, as exempt to them under the provisions of section 4200 of the Code of 1907. There was verdict and judgment for the plaintiffs.

The point raised by defendant, by both a demurrer and a request for the affirmative charge, is that there was a misjoinder of parties plaintiff in that the right of action conferred by the statute for the recovery of the exempt personalty lies solely in the widow, when she is living, and not in the widow and minors jointly. In this contention we think him correct.—Code, §§ 4201, 4202, 4203; *Gamble v. Kellum,* 97 Ala. 678, 12 South. 82; *Howle v. Edwards,* 113 Ala. 199, 20 South. 956; *Jackson v. Wilson,* 117 Ala. 435, 23 South. 521.

While it is true that under the statute cited the benefit of the exemption allowed is for both the widow and minor children, and that the title thereto is vested jointly in them, when the property has been set aside or

when it is unnecessary for it to be set aside because the
total of that left by deceased is less in value than $1,000
(*Jackson v. Wilson, supra*) ; yet the right to the posses-
sion of the property is conferred by the statute exclu-
sively on the widow, if she be living, for, says the stat-
ute (Code, § 4202) : "The personal property exempted
under this article shall be delivered to the widow, if
there be one, to be by her employed or used in the main-
tenance of herself and such minor children; or if there
be no widow, then to the guardian of the minor chil-
dren, to be by him employed or used in the maintenance
of his wards." Following this section is section 4203,
which declares, among other things: "Suits respecting
the same [the exemption mentioned] may be maintained
or defended by the widow, or if there is no widow, by
the minor child or children." It is thus clear that the
policy of the law is, upon the death of the husband, to
place in the hands of the widow, who thereupon be-
comes the head of the household, this exempt property,
with which to care for herself and the minor children,
making her the trustee with full power and discretion
in the premises, to use it for the common maintenance,
realizing (as the law evidently does) that thereby the
fund can the more economically be administered and
the more efficiently employed for the benefit of each
than if it were parceled out and divided among the sev-
eral owners or their respective guardians to be separate-
ly spent for such purpose.

Without the right paramount in the widow to the
possession of such property, this aim of the law could
not be accomplished; hence it is that so long as she lives
the statute deprives the minors of any right to the pos-
session or disposition or division of the property, unless
or until they grow up and leave the family, when the
one or ones so leaving are entitled, under section 4200,

to their proportionate part of the exemptions that may then remain on hand or unexpended.—Code, § 4200; *Martincz v. Meyers,* 167 Ala. 456, 52 South. 592.

The rule is well settled that where there are joint plaintiffs none can recover unless all are entitled to do so (*McLeod v. McLeod,* 73 Ala. 42) ; therefore, since only the widow was entitled to recover in this case, the court was in error in not sustaining defendant's demurrer to the complaint and in refusing the general charge requested by him.

The original complaint alleged that the plaintiffs' intestate owned the legal title to the note sued on. A demurrer raising the point that this allegation was the statement of a mere legal conclusion was properly sustained, whereupon the plaintiffs amended so as to aver that the note (a commercial paper) was transferred by the payee, Brittonell, to plaintiffs' intestate. The same demurrer was filed, but overruled. In overruling this demurrer, the court erred. Section 4985 of the Code provides that a negotiable paper, payable to order, as that here, must, in order to constitute the transferee the holder thereof (thereby entitled to sue), be indorsed and delivered to him by the holder. It has been held in the construction of a similar section of the Code (section 5158) that an allegation that the paper was "transferred" is not sufficient, against a demurrer, on account of a failure to allege the method of the transfer (the facts) in order that the court might see if the conclusion of the pleader in alleging a transfer was correct.—*Land Co. v. Dromgoole,* 89 Ala. 505, 7 South. 444; *Jemison v. B. & A. R. R. Co.,* 125 Ala. 383, 384, 28 South. 51; 14 Encyc. Pl. & Pr. 519. All the counts, even as amended, were defective in this particular, except count 3.

For the errors before pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.