# Francis *v.* Parker.

## *Assumpsit.*

(Decided November 23, 1913.　63 South. 780.)

*Bills and Notes; Failure of Consideration; Jury Question.*—Although the evidence would have supported a contrary finding, the action being on the note given for the purchase price of the land; it warranted a finding also that defendant was entitled under his contract to a tract of five acres, the boundaries of which were pointed out by the grantor, which was not included in the deed tendered, and as this conflict was for the jury to reconcile, the court was in error in charging affirmatively for the plaintiff.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Assumpsit by W. G. Parker against Columbus Francis. Judgment for plaintiff and defendant appeals. Reversed and remanded.

RIDDLE & ELLIS, for appellant. There were differences in the inferences which could be drawn from the evidence, and the court was in error in directing a verdict for the plaintiff.—*Drew v. Western S. & F. Co.*, 55 South. 997.

BROWN, LEEPER & KOENIG, for appellee. The evidence of the defendant showed that he got what he bought, as the discrepancy was only about one half an acre, and the description is more or less.—*Thompson v. Shepherd*, 85 Ala. 611; *Pearson v. Heard*, 135 Ala. 348; *Brassell v. Fisk*, 153 Ala. 558. The court was therefore not in error in directing verdict for plaintiff.

WALKER, P. J.—To this action on a promissory note the defendant, the appellant here, filed several pleas upon which issue was joined. Plea M averred: "That the note sued on has failed in consideration in this: Defendant purchased of one Will Seales a certain tract of land in Shelby county, Ala., some time in the month of January, 1911, which said tract of land was pointed out to him, together with the boundaries thereof, by said Will Seales, at the time of the said purchase; and defendant avers that he executed the note sued on to W. G. Parker, plaintiff in this cause, to secure the payment of the purchase price of said land, which was done under and by virtue of the directions and consent of the said Will Seales; and defendant avers that when he purchased said tract of land as aforesaid, the said Will Seales agreed as a part of this said purchase contract to furnish to defendant a deed to said tract of land, but defendant avers that the said Will Seales has never furnished defendant a deed to the same, and he avers that said W. G. Parker offered de-

fendant a deed which did not describe the said tract of
land, but only a part thereof, and which defendant re-
fused to accept and did not accept; and defendant avers
that, though often requested so to do, neither the said
Will Seales or said W. G. Parker has ever furnished or
offered to furnish defendant with a deed to said tract of
land." There was evidence in the case tending to sup-
port every material averment of this plea. The jury
might well have found from the evidence adduced that
the land which was the subject of the contract between
Seales and the defendant was identified by the descrip-
tion contained in a deed made by Seales to another per-
son who had failed to consummate his purchase, and
that the understanding of the parties to the contract
was that the defendant was to get only the land de-
scribed in that deed. But this was not a necessary in-
ference from the undisputed evidence in the case. Under
another aspect of the evidence, the conclusion would have
been warranted that the defendant was entitled under
his contract with Seales to a tract containing five acres,
the boundaries of which were pointed out by Seales, and
all of which was not included in the description in the
deed to another which was referred to. The conflict in
the evidence on this point made the question one for the
determination of the jury. There being evidence to sus-
tain the averments of a plea upon which issue was
joined, it was error to give the affirmative charge re-
quested by the plaintiff.

Reversed and remanded.