(77 South. 238)

WILSON v. WEAVER. (8 Div. 374.)

(Court of Appeals of Alabama. Nov. 13, 1917. Rehearing Denied Dec. 18, 1917.)

1. JUSTICES OF THE PEACE ☞174(3)—APPEAL —AMENDMENT OF PLEADINGS—EFFECT.

In an action commenced in justice court, the filing in the circuit court of the complaint on which the case was tried was an abandonment of the complaint filed in the justice court.

2. BILLS AND NOTES ☞467(2) — ACTIONS — COMPLAINT—TRANSFER.

Code 1907, § 2489, requires actions on promissory notes to be brought in the name of the person having the legal title. Section 4985 provides that an instrument is negotiated when it is transferred in such manner as to constitute the transferee the holder thereof, and that, if payable to order, it is negotiated by the indorsement of the holder, completed by delivery. Held that, in an action on a note payable to the order of a third person, a complaint alleging that it had been transferred to plaintiff for value, but not alleging the method or mode of the transfer, was insufficient.

3. BILLS AND NOTES ☞497(3) — ACTIONS— BURDEN OF PROOF—PAYMENT OF VALUE.

Plaintiff, suing on a note payable to a third person and alleging that it was transferred to him for value, was bound to prove this material allegation.

4. BILLS AND NOTES ☞525—ACTIONS—SUFFICIENCY OF EVIDENCE—PAYMENT OF VALUE.

In an action on a note payable to the order of a third person, evidence held to show that no value was paid for the note, but that it was simply indorsed to plaintiff by the payee, in order that plaintiff might obtain the interest he claimed to have therein.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. BILLS AND NOTES ☞353—BONA FIDE PURCHASERS—PAYMENT OF VALUE.**

Where plaintiff, on the indorsement of a note to him by the payee, parted with nothing of value and did not change his position in the slightest, he was not an innocent purchaser for value without notice, and the note was subject in his hands to all the defenses that the maker might have had against the original holder.

**6. APPEAL AND ERROR ☞1170(3)—HARMLESS ERROR—PLEADINGS.**

Where, in an action on a note which plaintiff alleged had been transferred to him for value, he failed to show the payment of value, the failure to allege the method or mode of transfer could not be cured by the application of rule 45 (61 South. ix[1]), providing that no judgment will be reversed for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it appears that the error complained of has probably injuriously affected substantial rights of the parties.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Action by Elbert Weaver against Earl Wilson. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Eyster & Eyster, of Albany, for appellant. E. W. Godbey, of Decatur, for appellee.

BRICKEN, J. [1] The filing in the circuit court of the complaint on which the case was tried was an abandonment of the complaint filed in the justice court, and the case must be treated here as presented by the complaint as filed in the circuit court. So much of that complaint as is material to the point here decided is as follows:

"Plaintiff claims of the defendant the sum of thirty-one dollars and ten cents, due from him by promissory note made by him, on, to wit, the 16th day of January, 1913, for the sum of thirty-one dollars and ten cents, payable to the order of W. A. Berry, July 1st, after date, which note, prior to the bringing of this suit, *has been transferred to the plaintiff for value*" etc. (Italics supplied.)

[2] The defendant demurred to the complaint, which contained but one count, assigning as grounds of demurrer the failure of the count to show the manner or method or quo modo of the transfer. This demurrer was overruled, and in so holding the learned trial court was in error. Kelley v. Kelley, 9 Ala. App. 306, 63 South. 740. The reason for this holding is that actions on notes and other instruments governed by the commercial law must be instituted in the name of the person holding the legal title (Code 1907, § 2489); and the indorsement and delivery of a note payable "to order" is essential to pass the legal title and constitute the transferee the holder thereof (Code 1907, § 4985; Kelley v. Kelley, supra; Lakeside Land Co. v. Dromgoole, 89 Ala. 505, 7 South. 444).

[3-6] It may be that, if the undisputed evidence showed that the plaintiff was entitled to the general affirmative charge, this would be, error without injury. Best Park Amusement Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929; Knights of M. M. v. Gillespie, 14 Ala. App. 493, 71 South. ,70; Donahoo H. & M. Co. v. Durick, 193 Ala. 456, 69 South. 548; Christian v. Stith Coal Co., 189 Ala. 500, 66 South. 641; Wilson v. Draper, 9 Ala. App. 585, 63 South. 780. However, plaintiff charges in his complaint that the note had been transferred to him for value, and, having so charged, it is incumbent upon him to prove this material allegation. Sherrill v. Merchants' & Mechanics' T. & S. Bank, 195 Ala. 175, 70 South. 723. The evidence on this point is without dispute as follows:

"I did not have any correspondence with Mr. Berry before I bought the note, because I acquired the note the same day it was executed. I had no special agreement with Mr. Berry, or any other officer or agent of the Jefferson Standard Life Insurance Company, regarding the collection of this note, and it was not transferred to me merely as a convenience. I had an interest in the note, and had some commission represented thereby."

On redirect examination, the plaintiff testified:

"I didn't pay anything for the, note myself, either to the insurance company or to Mr. Berry. The note was indorsed to me for collection and because I had an interest in it."

This is all the evidence relating to the transfer for value. The word "value," as used in the negotiable instrument law, means any consideration sufficient to support a simple contract. Code, § 4982. We are of the opinion that the plaintiff's uncontradicted evidence shows that no value was paid for the note, but that the same was simply indorsed to him by Berry, in order that the plaintiff might obtain the interest he claims to have had therein. Certainly it is not sufficiently shown that the plaintiff parted with anything of value, or changed his position in the slightest, in acquiring the note; therefore he cannot claim as an innocent purchaser for value without notice. Under these conditions, the note in his hands is subject to all defenses the defendant may have had against the original holder, Berry. Such being the case, this material averment cannot be cured by an application of rule 45 (61 South. ix[1]).

The court below erred in giving the general affirmative charge requested in writing by the plaintiff, and it also erred in refusing a like charge requested by the defendant, all of which makes it unnecessary for us to pass upon the other questions raised, as they probably will not arise upon another trial.

The judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 175 Ala. xxi.