(78 South. 918)

FORD v. STRONG. (8 Div. 44.)

(Supreme Court of Alabama. April 4, 1918. Rehearing Denied May 9, 1918.)

1. EXECUTORS AND ADMINISTRATORS ⬤═180 — ALLOWANCES TO WIDOW AND MINOR CHILDREN.

Under Code 1907, §§ 4199, 4200, exempting personal property to the widow and minor children of a decedent, a minor child not living with the widow is entitled to its share, since such right is given, not as an incident to the family relation, but because of minority.

2. HOMESTEAD ⬤═143—SURVIVING WIFE AND CHILDREN—RENTS AND PROFITS.

Under Code 1907, § 4196, exempting homestead to widow and minor children of decedent, who are to be equally benefited by the rents and profits, a minor child, not living thereon, is not entitled to share in the rents and profits, although the widow is a stepmother, and the child has a guardian.

Appeal from Circuit Court, Madison County; R. C. Brickell, Judge.

Bill by Frank Ellis Strong, guardian of Ben Ellis Ford, an infant, against Eliza Ford. From a decree overruling a demurrer to the bill, respondent appeals. Affirmed in part, and reversed and remanded in part.

Betts & Betts, of Huntsville, for appellant. Spragins & Speake, of Huntsville, for appellee.

McCLELLAN, J. Will B. Ford died in Madison county in February, 1916, leaving

─────────────────────────────

surviving a widow, the appellant, Eliza Ford, a minor child of a former marriage, appellee's ward, Ben Ellis Ford, and two sons of the former marriage, who were, when the father died, over the age of 21 years. The decedent was seised and possessed at the time of his death of real and personal property. On April 10, 1916, the probate court of Madison county, in consequence of the petition of the widow, set apart and allotted to the widow (appellant) and to appellee's ward the described real estate as a homestead, vesting in the widow and the minor the absolute title thereto. It is averred in paragraph 5:

"The said Ben Ellis Ford does not live with the said Eliza Ford, is not a member of her family, and is not related to her, she being his stepmother. She resides on the real estate above described, and has been cultivating the same or having it cultivated or has rented it out during the year 1916, and has received the rents, income, and profits therefrom. The said Eliza Ford is also in possession of said personal property above described, and has declined to deliver any portion thereof to your orator as the guardian of the said Ben Ellis Ford, or to account to him for the rents, income, and profits of said real estate."

On the same date the probate court, in consequence of the widow's petition, set apart to the widow and the minor personal property as exempt to them under Code, §§ 4199 and 4200. The first section, 4199, provides:

"In favor of the widow and minor child or children, or either, of such decedent, there shall also be exempt from administration and the payment of debts all the wearing apparel of the decedent, and of the widow and minor children, all yarn and cloth on hand intended for their use and consumption, all books kept for use in the family, all family portraits and pictures, all grain, stores, and groceries on hand, necessary for the support of the family for twelve months after the decedent's death, and all bedding and household and kitchen furniture, necessary for the use and comfort of the family; to be selected by the widow, if there be one, or if there be no widow, or she fails to act, by the guardian of the minor child or children."

The other section, 4200, provides:

"In favor of such widow and minor child or children, or either, there shall also be exempt from administration and the payment of such debt, personal property belonging to such decedent at the time of his death, to the amount of one thousand dollars in value, to be selected and set apart for them; but if the estate is solvent, the value of such property so selected and set apart shall be, on final settlement and distribution of the estate, credited on the distributive shares of the widow and children receiving the benefit thereof, or on their respective legacies, if by will disposition is made of the entire estate; and any of such children, on leaving the family, shall be entitled to an equal share of the property so exempt, and then on hand."

Ben Ellis Ford does not reside with his stepmother, Eliza Ford. He resides with his grandfather, who is his regular guardian. So far as presently important the prayer of the bill filed by the regular guardian of Ben Ellis Ford against Eliza Ford, the widow, is this:

"Your orator further prays that said personal property be divided or partitioned between the said Eliza Ford and Ben Ellis Ford under the orders and decrees of this court, one-half to each, or, if the same cannot be equitably divided or partitioned that so much thereof as cannot be divided be sold for division under the orders of this court, and if the said Eliza Ford has sold or disposed of any of the same, she be required to account therefor, and that a decree be rendered against her in favor of your orator for the value of the said Ben Ellis Ford's interest therein, and that she be required to account to this court for the rents, income, and profits derived by her from said real estate since she has been in possession of the same since her husband's death, and your orator prays for such other, further and general relief as the facts and equities of the case entitle him to."

[1] The respondent demurred to the bill as a whole as well as to the separate features thereof invoking relief with respect to the personal and real property. Every objection taken to the phase of the bill relating to the partition or division of the personal property set apart to the widow and to the minor is answered by the opinion and decision in Lanford v. Lee, 119 Ala. 248, 254, 255, 24 South. 578, 72 Am. St. Rep. 914, recently reaffirmed in Snead v. Scott, 182 Ala. 97, 62 South. 36. The deliverance of the Court of Appeals in Kelley v. Kelley, 9 Ala. App. 306, 63 South. 740, does not appear to have been made in the light of and in all respects consistent with the decision of this court in Lanford v. Lee, supra.

[2] With respect to the other phases of the bill, that relating to the real property exempt as a homestead, it is to be conceded that the relief sought is not a sale of the homestead under the limited authority established in the closing provisions of Code, § 4196 (Clements v. Faulk, 181 Ala. 219, 61 South. 264; Hollis v. Watkins, 189 Ala. 292, 66 South. 29), but an accounting by the widow of the rents, income, and profits derived by her from the real estate so set apart as homestead exemption. Code, § 4196, in the presently important particulars, provides:

"The homestead of any resident of this state, leaving surviving him at his death a widow and minor child or children, or either, with the improvements and appurtenances not exceeding in value two thousand dollars, and in area one hundred and sixty acres, shall be exempt from administration and the payment of the debts in favor of such widow and minor children, or either, in any event, during the life of the widow, or the minority of the child or children, which ever may last terminate; and the rents and profits of such homestead, if there be a widow and no minor child, shall enure to her benefit during her life; or if there be a minor child or children, and no widow, then to the benefit of such child or children during minority; or if there be both widow and minor child or children, then to their equal benefit during the life of the widow and the minority of the child or children. Such homestead may be retained by the widow or minor child or children, until it is ascertained whether the estate is solvent or insolvent; and if the estate is insolvent, it shall vest in them absolutely, and shall not be sold or partitioned by order of any court until the death of the widow and the youngest child is of age, except by the order of the chan-

cery court for reinvestment with the consent of the widow in writing, if living."

According to the averments of the bill, the homestead exemption set apart in this instance by the probate court was the substitutionary homestead exemption provided for in Code, § 4197, to effect the purposes of which the provisions of Code, § 4196, are assimilated. So far as the title to the homestead described in the bill is concerned, the widow and appellee's ward are tenants in common therein. Code, §§ 4196, 4197. However, the statute (Code, § 4196) expressly restricts the right and power to alter that status of tenancy in common in the particular area set apart as the homestead exemption. Code, § 4196, specifically provides that "until the death of the widow and the youngest child is of age" the homestead set apart, whether absolutely or otherwise, cannot be "sold or partitioned," except solely for reinvestment, and then only with the written consent of the widow. Clements v. Faulk, supra. It is manifest from these provisions that, except for the restricted purpose specified and as stipulated, the homestead exemption cannot be destroyed or otherwise deflected from the statutory design to afford shelter to those entitled thereto and willing to avail thereof. Clements v. Faulk, supra. Notwithstanding this established status, the statute (Code, § 4196) also stipulates that "the rents and profits of such homestead" shall inure to the equal benefit of the widow and minor, "during the life of the widow and the minority of the child or children." It was the evident intent of the statute to stabilize not only the title (with the exception provided in the statute), but also the use, enjoyment, and occupancy of the homestead during the period stipulated therein, viz. the life of the widow and the minority of the child or children. None of those in whom the exemption becomes vested can lawfully exclude another of them from the occupation of the premises, or lawfully deny to a coexemptioner, residing on the premises, the benefit of rents, incomes, and profits of or from the premises. It is to be borne in mind that the present cause does not involve a wrongful or other exclusion of a coexemptioner from the premises. It was ruled in Snead v. Scott, supra, that the widow might, and in that instance did, sever her interests in the joint property from that of her coexemptioners, the decedent's children; but that decision did not involve the inquiry here presented, being invited by considerations peculiarly applicable to exempt personal property, the product of the homestead estate, and that only to the extent of affirming the right of the children to protect and enforce their property interests without the joinder of their coexemptioner, the widow, in accordance with the doctrine of the decision in Lanford v. Lee, 119 Ala. 248, 254, 255, 24 South. 578, 72 Am. St. Rep. 914.

In the statutes governing the homestead exemption there is no counterpart of the provision in the statutes governing the exemptions of personal property whereby a child "leaving the family" (section 4200) may have in proportional severalty the unconsumed remainder of the exempt property. Lanford v. Lee, supra. The theory of this bill is, in effect, that the rule with respect to exempt personal property should apply to rents, incomes, and profits from the homestead exemption. The theory would, it seems, be founded in the idea that the rents, incomes, and profits are a trust fund; the widow a trustee for the minors, her joint tenants and coexemptioners. The acceptance of that theory would necessitate the affording of at least one remedy to enforce the right thus recognized. The remedy could not be through a judgment at law to be satisfied by a levy 'upon the property exempt to the widow, since to enforce that remedy would offend the terms of the statute (Code, § 4196) inhibiting a sale of the land "by order of any court." The only other possible remedy would be through an agent of a court, a receiver, to take charge of the homestead area and devote it to the earning of rents, incomes, and profits for the benefit of the widow and minor child or children "during the life' of the widow and the minority of the child or children." This, as a remedy, is impossible, since it would involve the exclusion of the widow from a possession which the homestead exemption statutes, in design, inspiration, and purpose, have always assured the widow. The absence of any feasible remedy that in such circumstances does not offend the statutes strongly supports the view that the right to have in severalty the rents, incomes, and profits of the homestead does not exist; that the right such a coexemptioner has is in community with the coexemptioner or coexemptioners, and must be enjoyed through a joint occupancy of the "shelter" the laws intend to afford the surviving widow and minor children, trusting to the widow's affectionate regard and motherly instinct to deal justly and fairly with the young who are equal shareholders with her in the homestead premises and its avails. The exemption laws have taken no distinction between a widow who is the mother of her coexemptioner and a widow who is the stepmother of her coexemptioner. Until the lawmakers have accorded recognition to this distinction in the statutes, this court cannot do so in declaring and administering the purely statutory system provided for homestead exemptioners. It is averred in the bill that the widow "resides on the real estate above described [i. e., homestead set apart to her and appellee's ward], and has been cultivating the same or having it cultivated or has rented it out during the year 1916, and has received the rents, income and

profits therefrom." Neither these allegations nor any others in the bill purport even to charge the widow with the exclusion of appellee's ward from the enjoyment of the homestead or from the benefit of its avails while residing thereon. All the bill avers is, in effect, this: That the ward, residing elsewhere and without the widow's inducement or compulsion, is not receiving his equal share of the rents, incomes, and profits from the homestead.

It results that the court erred in overruling the demurrer in the particular that it asserted the want of equity in the phase of the bill whereby an accounting is sought with respect to the rents, etc., of the homestead area. To that extent the decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.