(136 So. 877)

## CARY v. BYNUM.
### 8 Div. 152.

Court of Appeals of Alabama.
Oct. 6, 1931.

Tennis Tidwell, of Decatur, for appellant.

Almon & Almon, of Decatur, for appellee.

SAMFORD, J.

The note sued on in this case purported to be an obligation of defendant, negotiable and payable to W. E. Lovett and Tennessee Valley Bank at the Tennessee Valley Bank, and transferred to plaintiff by W. E. Lovett for a valuable consideration before maturity. It is also alleged that plaintiff is the owner of the note sued on.

Section 5699 of the Code of 1923 provides that suits on notes payable at a bank or other commercial paper must be instituted in the name of the person holding the legal title. Wilson v. Weaver, 16 Ala. App. 249, 77 So. 238.

As a general rule the possession and production of a note uncanceled and inextinguished by indorsements of payments or otherwise is prima facie evidence that the holder is the owner and that the note is unpaid. 3 R. C. L. p. 980 (190); 8 Corpus Juris, 1003 (1309). But the rule is different where the payees in a note are two or more and the indorsement or transfer is by only one or a less number than all of the joint payees. In such an indorsement the possession by one shown on the face of the note to be but a joint payee is to be regarded as prima facie

evidence of the title there disclosed only, and his transferee only obtains the title of the joint payee making the transfer. Frorer v. Rowley, 84 Ill. App. 446; Ryhiner v. Feickert, 92 Ill. 305, 34 Am. Rep. 130.

But, all of the foregoing presumptions making possession and production of a promissory note prima facie evidence of certain facts are rebuttable, and in this case the undisputed facts disclose that the note sued on was given to W. E. Lovett; that whatever consideration there was, was furnished by Lovett; that the Tennessee Valley Bank had no interest in the note, and while its name did appear as one of the joint payees, it had no interest in the note to be transferred. Whatever error was committed by the trial judge in his rulings on the admission of the note in evidence were cured by the undisputed evidence which showed the title to the note to have been primarily in W. E. Lovett.

It is urged that the name signed as indorser is not "Lovett," but something else. While this court independently of the evidence would be unable to decipher the letters purporting to be the indorser, we find no difficulty in finding in the record evidence undisputed which leaves no doubt that the signature of the indorser on the note was adopted by Lovett. We may add that the facsimile signature of many great men and even of some great and learned lawyers could not be deciphered by this court, but for surrounding facts and circumstances.

We find no reversible errors in the record, and the judgment is affirmed.

Affirmed.