210 So.2d 707

**Shell RIVERS**

v.

**J. B. JOHNSTON.**

1 Div. 238.

Court of Appeals of Alabama.
April 23, 1968.

Jas. N. Granade, Chatom, for appellee.

Edw. P. Turner, Jr., Chatom, for appellant.

CATES, Judge.

This is an appeal from a judgment in a nonjury suit on a detinue count and a count on two promissory notes.

### I.

Detinue was based on a written lease of a Homelite chain saw. There was proof of a breach which furnished grounds for termination.[1] This phase of the judgment is affirmed.

### II.

Both notes were payable at Citronelle State Bank, Citronelle. One of the notes exhibited was payable to the order of Lemar Williams and J. B. Johnston. It was for $110.00, due without interest September 1, 1962. The other note was for $200.00, payable to the order of Lemar Williams and Farm Bearot Insurance Company.

Neither of the notes bears the endorsement of Williams. Nor does the note for $200.00 bear endorsement of the payee insurance company. No separate allonge[2] was attached to the notes.

No assignment of either note was shown.

Defense counsel objected to the reception of the notes on the ground that they were

---

1. "Property must be surrendered or total value paid in full if operator [Rivers] stops hauling for Citronelle Timber Company [Johnston]."

2. " * * * indorsements made on a piece of paper attached to the bill are frequent, and will pass title to the indorsee." Crutchfield v. Easton, 13 Ala. 337.

not the notes sued on. This objection was in effect overruled.

■ As to the note for $200.00, we consider that J. B. Johnston has not been shown to be the real party in interest. There was a fatal variance between pleading and proof. Circuit Court Rule 34 could not extricate the plaintiff.

■ Alabama is committed to the rule that a transfer of commercial paper payable to order, either by endorsement under the N. I. L. or by a common law assignment after maturity, requires more than mere physical delivery to support an action by the person purporting to own it. Code 1940, T. 39, § 200; T. 7, § 126 (real party in interest). This latter section requires suit by the legal title holder in case of a note payable at a bank or designated place.

There was oral evidence that Johnston had to pay off Williams, though how much is uncertain. Williams was described as being in the finance business.

In 10 C.J.S. Bills and Notes § 553, we find:

"c. Several Payees or Transferees

"Where there are two or more joint holders of the same instrument, their joinder as plaintiffs is both proper and necessary.

"Where a bill, note, or check is made payable to several persons or is indorsed or assigned to several they are joint holders and not only may, but must, sue jointly as such."

This text finds support in Underwood v. Otwell, 269 N.C. 571, 153 S.E.2d 40, from which we quote:

"Defendant Underwood is a necessary party to this action, because she is one of the two joint payees in the note upon which plaintiff sues. In such case the rule is as stated in Fishell v. Evans, 193 N.C. 660, 662, 137 S.E. 865, 866: 'Neither of them can, therefore, recover on said note in an action in which he or she alone is plaintiff. 'Where a bill or note is made payable to several persons or is endorsed or assigned to several, they are joint holders and must sue jointly as such." 8 C.J., 846.' * * *"

■ Without the other payees having executed written indorsement before maturity or written assignment thereafter, we consider that Johnston could not alone maintain an action on these notes. Wilson v. Weaver, 16 Ala.App. 249, 77 So. 238; German-American National Bank v. Lewis, 9 Ala.App. 352, 63 So. 741; and Gookin v. Richardson, 11 Ala. 889.

Accordingly, the judgment below is

Affirmed in part and reversed in part with remandment.