246 So.2d 670

**L. L. STEWART, Jr., d/b/a Red Stewart Supply Co.**

v.

**Margaret Ward SVETLAY, Administratrix of the Estate of V. H. Svetlay, Deceased.**

**6 Div. 46.**

Court of Civil Appeals of Alabama.

April 7, 1971.

Hollis B. Parrish, Jr., Birmingham, for appellant.

BRADLEY, Judge.

Margaret W. Svetlay, appellee, as administratrix of the estate of V. H. Svetlay, deceased, originally filed suit on May 4, 1964 against L. L. Stewart, individually, and doing business as Red Stewart Supply Company, appellant, for $4,500.00 due by promissory note made payable on demand to the deceased on November 7, 1960 with interest thereon.

The appellant pleaded the general issue as well as the plea of set-off and recoupment. Thereafter, on January 10, 1969, appellant filed three additional pleas, the court sustaining demurrers to pleas 1 and 2.

Plea 1 asserts that appellee presently has no authority to sue appellant because appellee, pending disposition of this suit, closed the estate and thereby relinquished her authority to act as an administratrix.

C. John Holditch, Birmingham, for appellee.

Plea 2 asserts that appellee presently has no authority to maintain this action because appellee, pending disposition of the case, voluntarily assigned and transferred legal title to the instrument sued upon to a third party.

Trial was had before the court and a jury, with a verdict of $4,100.00 being rendered against appellant.

Thereafter, a motion for a new trial was filed with the court and later overruled.

Appellant assigns as error on appeal the sustaining of demurrers to these two pleas.

The evidence reveals that the promissory note in the sum of $4,500.00 made the basis of this suit was entered into by and between the now deceased V. H. Svetlay and appellant, L. L. Stewart. It is undisputed that the deceased, while on a trip to an auction in Leesburg, Alabama to purchase a truck crane, and while in the company of appellant and two others, paid the purchase price for "one lot of equipment," which appellant by promissory note agreed to repay on demand after November 7, 1960. This "lot of equipment" consisted of numerous small pieces of equipment which appellant intended to resell, splitting the profits with the deceased on a 50–50 basis. The promissory note has not been repaid, appellant asserting by way of set-off that appellee owed him $3,250.00 in brokerage commissions for the purchase of the truck crane and various other sums not material to the disposition of this appeal.

There were four assignments of error, all directed to the action of the court in sustaining demurrers to the two pleas.

However, the assignments of error were never mentioned in the argument section of appellant's brief; they were merely listed in the "Statement of the Case" section of the brief.

Assignments of error one and three state that the trial court erred in sustaining demurrers to plea 1, which stated that, while the action was pending, appellee closed the estate and relinquished her authority to act as administratrix, and consequently, has no right to further prosecute this action.

As appellee correctly points out, assignments of error one and three have not been substantially argued as required by Supreme Court Rule 9, and must be considered as waived.

The Supreme Court has many times said that only those assignments of error that have been sufficiently argued will invoke its review powers. See Alabama Digest, Vol. 2A, Appeal and Error, ☜1079, p. 583.

We would point out that appellant merely devoted three short paragraphs to a discussion of these two assignments, and this discussion was at best a rehash of the substance of plea 1. Furthermore, appellant did not favor us with any citation of authority in support of said discussion, nor did he mention in the discussion a specific error being relied on for reversal.

The attempt at argument of plea 1 did not reach that plateau necessary to invoke our consideration of assignments of error one and three, and we, therefore, consider them waived. Supreme Court Rule 9.

Assignments of error two and four were not mentioned in the argument section of appellant's brief, but enough of an argument was made to allow us to consider the merits of these two assignments.

Assignments of error two and four contend that the trial court erred in sustaining demurrers to plea 2.

Appellant argues that plea 2 states a complete defense to appellee's action, for the reason that appellee, upon transferring legal title to the promissory note during the pendency of the action, thereby lost authority to further maintain it.

Appellant, as authority for this proposition, cites this court to the case of Rivers v. Johnston, 44 Ala.App. 398, 210 So.2d 707, in which appellant contends that it was held that suit on a negotiable instrument must be maintained by the legal titleholder.

Appellee, on the other hand, concedes that appellant is correct when the issue is who has the right to "institute" action on a note payable at a designated place. Appellee, however, points out that this is not the

issue as appellee, as administratrix of the estate of the deceased, was the legal titleholder of the note when the suit was "instituted."

Title 7, Section 126, Code of Alabama 1940, the applicable law at that time, provided in material part:

"Actions on promissory notes * * * must be *prosecuted* in the name of the party really interested, whether he has legal title or not * * *, except that, in actions upon * * * promissory note[s] payable at a bank * * * or at a designated place * * * the suit must be *instituted* in the name of the person having the legal title." (Emphasis supplied.)

Appellee contends that nothing in the text of Title 7, Section 126, supra, purports to speak to the situation where there has been an assignment by the legal titleholder after commencement of the action on a note payable at a designated place.

■ This court is in agreement with appellee. Title 7, Section 126, Code of Alabama 1940, as it read at the time this action was brought, and as it is now amended in Act No. 549, Acts of Alabama 1965, p. 1009, is divisible into two clauses, the first clause applying to actions on commercial paper in general and like instruments, and the second clause applying to actions on more limited instruments payable at a designated place. Further, the first clause provides that the action must be "prosecuted" in the name of the party really interested (whether he is the legal titleholder or not), whereas the second clause, the one applicable to the instant case, merely provides that suit must be "instituted" by the legal titleholder.

Appellee, we think, correctly asserts that she has complied with the second clause within Section 126, supra, in that, from aught that appears in the record, suit was instituted by the appellee, administratrix of the estate of the deceased, who was the legal titleholder of the note.

The term "instituted" has been defined to mean to commence, to initiate, to originate. Vol. 21A, Words and Phrases, pp. 487–489. The term "prosecute" on the other hand, as used in the first clause of Section 126, supra, which is not applicable here, has a broader application and is defined to include commencement or institution of suits as well as the pursuit of the remedy thereafter. Vol. 34A, Words and Phrases, pp. 475–478. Had the legislature used the word "prosecute" in the second clause, the appellant's contention would be more logically consistent.

Furthermore, appellee in support of her position cites this court to the only Alabama case considering the precise question before this court on appeal. In Dolberry v. Trice's Ex'r, 49 Ala. 207, the Alabama Supreme Court held that the plaintiff who assigned the note sued upon, could continue to maintain the suit for the benefit of the transferee.

While *Dolberry*, supra, arose under Section 2523 of the Revised Code of 1867, this section is a predecessor of Title 7, Section 126, supra, and is in all respects material to the instant case, substantially the same as Section 126, supra.

The court in *Dolberry*, supra, stated:

"The second plea [a sworn plea raising the same issue before this court] is one of more difficulty. It seems to be new to our practice. It raises the question, whether the sale or transfer of a promissory note on which suit is pending defeats the action? In such case where there are no precedents to guide, the question is to be solved upon principle; and principle always looks to 'right and justice' * * *. The action was properly brought in the name of the proper parties * * *. Then, the effect to be given to the sale or transfer is, that it makes Matthis, the transferee, the beneficiary of the nominal plaintiff after the transfer or sale * * *. And as this tends to the administration of 'right and justice' * * * I deem it sufficient

\* \* \* to justify the conclusion that the second plea was also insufficient."

The trial court, in the instant case, committed no reversible error in ruling that plea 2 stated no defense to the suit. Furthermore, appellant was in no way deprived of any meritorious defense by the continuation of the suit in appellee's name. Therefore, the judgment of the lower court is affirmed.

Affirmed.