### STREET, Trustee Etc. v. SAUNDERS.

DOWER—*Not allowed out of personal property in trust.*—Where S. conveyed his growing crop, in trust, to secure the payment of certain indebtedness, and died, and the crop so conveyed was not sufficient to liquidate the indebtedness intended to be secured; on claim of dower, in the crop, by the widow, *Held:* That the growing crop was personalty; that S. did not die seized thereof, and that the widow was not entitled to dower therein, although she was not a party to the trust deed.

#### APPEAL FROM CHICOT CIRCUIT COURT.

HON. HENRY B. MORSE, *Circuit Judge.*

*W. B. Street,* for Appellant.

We submit that Saunders, at the time of his death, did not own, or did not die seized or possessed of the crop of cotton. The personal property acquired by the husband through the wife, and reduced to possession, becomes his absolute property; his conveyance of the same is valid; she, having no vested rights therein, is not entitled to dower as against the purchaser. *Cook vs. Cook,* 12 *Ark.,* 381.

Growing crops being emblements, go to the executor, unless the heir assigns the land sown to the widow for her dower, then she takes the crop upon the land assigned; but the right to the growing crop does not attach in favor of the widow until after her dower has been assigned. *2d Scribner,* 727, *et. seq. Parker vs. Parker,* 17 *Pick.,* 236. And if, before assignment, she receives the fruits and grain growing on her husband's lands at the time of his death, she is liable for their full value. *Kain vs. Fisher,* 2, *Seld.,* 597. 3 *Washb. Real Prop.,* 339.

*Carlton & Simms* and *H. Carlton,* for Appellee.

We submit that the deed of trust was a mere chattel mortgage, or unexecuted contract for the delivery of personal property at a future day, and that the widow is entitled to

dower in the personal property of her husband. *See Gould's Digest, chap.* 60, *sec.* 21. That this deed is a mere mortgage, we think there can be no question, and in support of this, would refer the court to the following cases in addition to those in our own Reports, viz: *Holmes vs. Crane,* 2 *Pick.* 607; *Ward vs. Sumner,* 5 *Pick.,* 28; 5 *Johnson,* 218; 9 *Johnson,* 341; 19 *Johnson,* 218; *Rob. on Fraudulent Conveyances, c.* 5, *sec.* 3, and *Second Term Reports,* 587. There was no delivery of the property, and the widow will take her dower against all persons. *Hill's admr. vs. Mitchell et al.,* 5 *Ark.,* 608; *Menefee, admr., vs. Menefee et al.,* 3 *Ark.,* 9. There should be actual disseizin or dispossession, to defeat dower. *Arnell vs. Arnott et al.,* 14 *Ark.,* 57; *James vs. Marcus,* 18 *Ark.,* 421.

BENNETT, J.—William B. Street, the appellant, at the March term, 1872, in the Circuit Court of Chicot county, filed his complaint to recover the possession of seven bales of cotton; of which cotton the defendant below, and appellee here, had possession, and claimed the same as part of her dower in the estate of her deceased husband. This was an amicable suit, submitted to the court below upon the following agreed statement of facts: "That John H. Saunders, on the 17th of July, 1871, executed his trust deed, in favor of appellant, to secure the payment of certain indebtedness mentioned therein. By said trust deed, Saunders conveyed his entire interest in his said crop to appellant, but the crop was left in the hands of Saunders for the purpose of gathering, etc., and should the proceeds of the same more than pay the claim of Street, the surplus was to go to Saunders. It was, however, admitted that the crop was not sufficient to liquidate the indebtedness of Saunders. Saunders died the 15th of December, 1871, before delivering the crop, or any part thereof, to the appellant. His widow, the defendant below, became administratrix of her late husband's estate; took possession of the said crop; the seven bales in question in this suit are a part of the identical crop covered by the trust deed;

and that the defendant and widow of the said Saunders refuses to give up the said cotton, but claims it as part of her dower." Upon this statement of facts, the court below found for the defendant, and held that the widow was entitled to these seven bales of cotton as dower. From which judgment Street appealed.

Under the common law, personal property was not subject to dower, but our law-making power, upon the highest principles of justice and public policy, has altered this, and it is now provided in *Gould's Digest, chap.* 60, *sec.* 21: "A widow shall be entitled, as a part of her dower, to the one-third part of the slaves whereof the husband died seized and possessed, for her natural life, and one-third part of the personal estate in her own right."

The only question is: Was this cotton personal property, and was John H. Saunders seized and possessed of it at the time of his death?

That the growing crop of cotton was personal we think there can be no doubt, and whether the wife was a party to the trust deed or not is unnecessary to discuss. The conveyance of personalty does not require the sanction or acquiescence of the wife. The trust deed, duly executed, acknowledged and recorded, shows that the only interest Saunders had in the crop was in the residue of the proceeds, after payment by the trustee of all the indebtedness specified, and by the statement of facts it is admitted that Saunders did not have interest enough in the cotton to pay off these liabilities.

The trust deed offered in evidence clearly shows that Saunders transferred to Street, as trustee, his entire crop for a valuable consideration, and bound himself to save and deliver the cotton to appellant. As soon as this deed was duly executed, the title to this crop passed to Street as trustee, and only remained in Saunders' possession for the purpose, as specified in the deed, "to save and prepare said crop for market as early as practicable."

A widow is only entitled to dower in the property of which

her husband was the owner at his death. The attempt of the appellee to say that the instrument of conveyance given by her husband to Street, as trustee, was only a mortgage, is an utter failure. Because it expressly states that "I (Saunders) have bargained, granted and sold, and do hereby grant, bargain and sell unto W. B. Street, as trustee for said above mentioned parties, my entire crop of cotton and corn," etc. No stronger language could be used to express a sale or transfer of property. Saunders did not own this crop at the time of his death, and only had possession for a specific purpose. It not being his, the widow cannot have any dower interest in it.

Therefore, the court below erred in so finding, for which error its judgment must be reversed, and the cause remanded, to be tried in accordance with the law.