# Marx v. Nelms.

*Trover by Administrator, for Conversion of Cotton.*

1. *When administrator may maintain action.*—The intestate having died in August, leaving a crop of cotton in the field ungathered and still growing, which was afterwards gathered and sold by one of his sons, the bales being marked in the name of the intestate; an administrator subsequently appointed may maintain trover against the purchaser, who, when he bought the cotton, knew that the intestate was dead, and that no administration had been granted on his estate.

APPEAL from the Circuit Court of Perry.
Tried before the Hon. JOHN MOORE.

PITTS & HARWOOD, G. B. JOHNSTON, and E. W. PETTUS, for appellant, cited *Blair v. Murphy*, 81 Ala. 454.

JNO. T. VARY, and J. H. STEWART, contra, cited *Upchurch v. Norsworthy*, 15 Ala. 709; *Abernathy v. Bankhead*, 71 Ala. 193; *Carpenter v. Going*, 20 Ala. 587; *Mitcham v. Moore*, 73 Ala. 542; *Loeb v. Richardson*, 74 Ala. 311; *Tayloe v. Bush*, 75 Ala. 432.

STONE, C. J.—M. F. C. Weaver lived on a plantation and cultivated a crop of cotton thereon in 1889. He died, intestate, August 17, 1889. At that time the cultivation of the crop was practically completed, but its growth had not ceased. It was in the fields, and ungathered. Most of these

[Marx v. Nelms.]

facts are shown in the testimony. The others are common knowledge. The sons of deceased—one of them residing on the plantation, but on another part of it—then gathered the cotton, and sold it to the appellant, Marx. This sale was in August, 1889. The bales of cotton were branded in the name of the deceased, and at the time of the purchase appellant knew that M. F. C. Weaver was dead, and that no administration had been granted on his estate. Appellant resold the cotton in September, 1889. This is the alleged conversion for which this action was brought. No proof was made of the expense, or value of the labor incurred or employed in gathering the cotton and preparing it for the market, and no ruling was invoked bearing on this question. If there be anything in it—upon which we decide nothing— the record fails to bring it before us for consideration.

On November 4, 1889, Nelms was appointed administrator of the estate of M. F. C. Weaver, deceased, and brought this action against appellant for the conversion of the cotton. The court, on written request, gave the general charge that, "If the jury believe the evidence, they must find the issue in favor of plaintiff." This ruling furnishes the subject of the chief assignment of error.

The case of *Blair v. Murphy*, 81 Ala. 454, is relied on by appellant in support of this assignment of error. The facts of that case were materially different from those found in the record before us, and that case was decided mainly on the exceptional facts it presented. Even with this explanation, the contention is plausible, that some of the expressions found in that opinion tend to mislead, if they do not invade the domain of a well recognized principle, which is essential to the maintenance of creditors' rights in estates of decedents. We there decided that the word *may*, in section 2098 of the Code of 1886, does not impose on the personal representative the imperative duty of completing every crop the decedent may leave growing at the time of his death, irrespective of any prospect of profit to be derived from its completion. We held that the statute left him a discretion, to be exercised in the interest of the estate. We adhere to that conclusion, but hold it has no proper application to the case in hand.

When Mr. Weaver died—August 17—the cultivation of the crop was practically completed. There remained to be bestowed only the labor of gathering and preparing it for market. If an administrator previously appointed had neglected this duty, and had permitted a crop thus circumstanced to perish in the field, he would have been guilty of

[Vaught v. Oehmig & Wiehl.]

a *devastavit*, and would have been chargeable therefor. The presumption is that he would have done his duty, and would have harvested the crop for the benefit of the estate. Coming later into the trust, and his right of property dating from the death of his intestate, we must accord to him all the legal rights a performance of these plain duties would have secured to him. Possibly, in claiming the crop after it was harvested, the duty would be assumed by him to compensate any labor and expense that had been incurred in gathering it. This question, as we have said, is not before us, and we do not decide it.

The case in hand is not distinguishable in principle or material facts from many heretofore decided in this court, in which we held the plaintiff was entitled to recover. The Circuit Court did not err in the charge given.—*Upchurch v. Norsworthy*, 15 Ala. 705; *Carpenter v. Going*, 20 Ala. 587; *Abernathy v. Bankhead*, 71 Ala. 190; *Mitchum v. Moore*, 73 Ala. 542; *Loeb v. Richardson*, 74 Ala. 311; *Tayloe v. Bush*, 75 Ala. 432.

There is nothing in the other exceptions reserved.
Affirmed.