## Wright v. Watson.

*Trover by Administrator, for Conversion of Cotton.*

1. *Growing crops at decedent's death; rights and duties of administrator.*— Under the statute (Code, § 2098) providing that "any crop commenced by a decedent may be completed and gathered by the executor or administrator," and it then becomes assets in his hands, it is optional with the executor or administrator to complete and gather

[Wright v. Watson.]

the crop or not; but the option thus conferred on the personal repre-
sentative is not an arbitrary one, and it is his duty to act in the mat-
ter so as to conserve the interests of the estate, and as a man of
ordinary care and prudence would act in the management of his own
affairs.

2.  *Same; when growing crop does not become assets of decedent's estate.*
—Where an administrator asserts no authority over the crop growing
at the decedent's death, and does nothing towards cultivating or
gathering it, but this is all done by the son and heir of the decedent
at his own expense, such crop does not become assets of the decedent's
estate, but is the property of the heir.

3.  *Same; rights of heir* —The common-law right of the personal
representative to claim the growing crop against the heir as emble-
ments and assets of the estate is incompatible with the option the
statute (Code, § 2098) gives such personal representative to complete
and gather the crop, and thus make it assets of the estate; and, con-
sequently, the growing crop at the death of the intestate passes to
the heir, subject to the administrator's statutory authority to convert
it into assets of the estate by the exercise of his election pursuant to
the statute.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

J. M. Watson, as the administrator of the estate of C. E.
Childers, deceased, brought this action against M. W. Wright,
to recover three hundred dollars for the alleged conversion
of four bales of cotton, the property of the plaintff's intes-
tate.  The defendant pleaded the general issue.  Judgment
was entered upon a verdict for the plaintiff, and the defend-
ant appeals.

The evidence on the trial tended to show that the defend-
ant, Wright, in November, 1890, instituted a suit by attach-
ment against John H. Childers, on a note of said John H.
Childers, and had the writ of attachment levied upon four
bales of cotton.  The evidence showed that C. E. Childers,
the intestate of the plaintiff in this case, died in the month
of April, 1890, that the plaintiff was appointed the adminis-
trator of her estate on the 2d of April, 1891, and that said
John H. Childers was the only heir and distributee of the
intestate.  The evidence further showed that the cotton lev-
ied upon under said writ of attachment was part of the crop
of the year 1890 grown upon land of which said E. C. Chil-
ders was in possession, claiming the same as her own, and
which she was cultivating, up to the time of her death; that,
after her death, said John H. Childers cultivated and gath-
ered, at his own expense, the crop which was planted on the
land when his mother died.  Upon the introduction of all
the evidence, the defendant requested the court to give the
following written charge:   "If the jury believe the evidence,
they will find for the defendant."   To the refusal of the court

[Wright v. Watson.]

to give this charge the defendant excepted. The opinion renders it unnecessary to state other rulings of the court to which exceptions were reserved.

GARDNER & WILEY, for appellant.

M. N. CARLISLE, contra.

THORINGTON, J.—Section 2098 of the Code of 1886 is the embodiment of sections 2439 and 2440 of the Code of 1876, with the superadded power in the administrator to sell the crop at private sale, either in or out of the State; and this change does not affect the question to be considered in this case.

This court, construing the two original sections above referred to, held that they did not impose the absolute duty on an administrator to complete and gather a crop left planted by his intestate, and unfinished at the latter's death, but that it is optional with the administrator to do so or not; and that, if the administrator fails to assert this statutory right and option, the crop, when completed and gathered by the heir or widow, is not assets of the estate, for the reason that it was not made "under the provisions of section 2439 of the Code."—*Blair v. Murphree, Adm'r*, 81 Ala. 454; *Marx v. Nelms*, 95 Ala. 304. We add, however, to what is said on this subject in the foregoing decisions, that the option or election thus conferred on the personal representative is not an arbitrary one, to be influenced by any considerations of personal preference or convenience on his part. Manifestly, the policy of the statute is that an unfinished crop shall be completed by the personal representative if the interests of the estate will be best conserved by that course, and the determination of that fact will depend upon the state and character of the crop, the weather conditions, the resources of the estate, and all other matters which enter into and control the cultivation and harvesting of crops; and an election to abandon a crop, when reasonable care and foresight would have required its cultivation, might render the personal representative liable as for a *devastavit*, while a wanton or reckless election, such as no man of ordinary care and prudence in the management of his own business would make, to cultivate the unfinished or growing crop, might deprive such representative of the right to be credited in his accounts for the loss incurred in the undertaking. Any election or option, however, made by the personal representative pursuant to the statute will furnish

[Wright v. Watson.]

protection to him if it be such as would have been exercised by a man of ordinary care and prudence in the management of his own affairs.

According to the proof in this case, appellee's intestate died in April, 1890, after having planted the crop, and when, as matter of common knowledge, the crop must have been in the earliest stages of growth. The administrator (appellee) asserted no authority over the crop, did nothing towards cultivating or gathering it, but that was all done by the son and only heir and distributee of appellee's intestate, at his own expense. Under these circumstances, and following the decisions above cited, we must hold that appellee, as such administrator, having failed to comply with the statute, thereby made his election not to convert the crop into assets of the estate pursuant to the statute, and, inasmuch as it was cultivated and gathered by the heir at his own expense, it did not become assets of the estate of appellee's intestate, but was the property of the heir.

What was intimated and foreshadowed in the decision in *Blair v. Murphree, Admr., supra*, we now decide, viz: that the right in the personal representative at the common law to claim the growing crop against the heir, as emblements and assets of the estate, is incompatible with the option the statute (Code, § 2098) gives such personal representative to complete and gather the crop, and thus make it assets of the estate; and, speaking without any reference to questions between the heir and the widow in the exercise of her quarantine or exemption rights, or of the rights of lien creditors of the intestate, the growing crop at the death of the intestate passes to the heir, subject to the administrator's statutory authority to convert it into assets of the estate by the exercise of his election pursuant to the statute. It follows that when the crop was levied on and sold under appellant's attachment it was not assets of the estate of appellee's intestate, but the property of the heir, John H. Childers, and therefore subject to levy and sale under the attachment against him. It results that such sale was not a conversion by appellant of property belonging to the estate of appellee's intestate, and that the general charge asked by appellant should have been given.

It is unnecessary to notice the other assignments of error.

The judgment of the Circuit Court must be reversed, and the cause remanded.

Reversed and remanded.