(82 South. 124)

STRONG v. FORD. (8 Div. 155.)

(Supreme Court of Alabama. May 15, 1919.)

1. EQUITY ⊗⇒141(1) — BILL — ALTERNATIVE ALLEGATIONS—SUFFICIENCY.

A bill by the guardian of a minor against the stepmother, praying for an accounting for rents and profits on land exempted to them in lieu of his deceased father's homestead, and charging in the alternative that she cultivated the land or received rents therefrom, is defective; the first alternative stating no equity.

2. HOMESTEAD ⊗⇒143 — RIGHTS OF DECEDENT'S MINOR CHILDREN—EXCLUDED CHILD —EQUITABLE RELIEF.

Though land exempted as a homestead is occupied by the widow, a coexemptioner and stepchild not living with her is not entitled to rents and profits received by her, but equity may protect such child, if unfairly excluded, on the basis of equality of enjoyment of a property right, which under Code 1907, §§ 4196, 4227, cannot forcibly be destroyed.

3. HOMESTEAD ⊗⇒143 — CONSTRUCTION OF STATUTE — WIDOW AND CHILDREN — PRESUMPTION—LEGISLATIVE INTENT.

There being no enforcement provided for the equality of benefit clause relating to homestead exemptioners in Code 1907, §§ 4196, 4227, it may be presumed that the Legislature intended that, where a family is a collective unit, rents and profits be collectively administered by the widow, as guardian of the minor children, in which case specific division of shares is impracticable.

4. HOMESTEAD ⊗⇒143—SURVIVING WIFE AND CHILDREN—RENTS AND PROFITS.

Under Code 1907, § 4197, granting a homestead exemption out of decedent's other land, section 4228, declaring occupation unnecessary,

and sections 4196 and 4227, providing for equal benefits to its owners, share and share alike, a minor child, who has a guardian and does not live with his stepmother, is entitled to share in the rents and profits from exempted land occupied by neither of them.

Anderson, C. J., and McClellan and Gardner, JJ., dissenting.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Bill by Frank Ellis Strong, as guardian of Ben Ellis Ford, an infant, against Eliza Ford. From the court's action in sustaining a demurrer to the bill and entering a decree for defendant, complainant appeals. Reversed, rendered, and remanded.

Spragins & Speake, of Huntsville, for appellant.

Betts & Betts, of Huntsville, for appellee.

SOMERVILLE, J. The original bill of complaint was filed by the guardian of a minor against his stepmother, the widow of his deceased father, to secure partition of certain personal property exempted to them from said decedent's estate, and to require an accounting by her for the rents, income, and profits received by her from certain real estate exempted to them from said decedent's estate in lieu of a homestead, and by due selection and allotment vested in them in fee simple.

As originally framed, the bill alleged that complainant's ward does not live with respondent, and is not a member of her family, and that respondent resides on said land, "and has been cultivating the same, or having it cultivated, or has rented it out during the year 1916, and has received the rents, income, and profits therefrom."

On a former appeal, on demurrer to the bill, it was held that complainant showed a right to relief as to the personal property, but not as to the rents and income from the real estate. Ford v. Strong, 201 Ala. 574, 78 South. 918.

This latter conclusion is grounded upon the following considerations, as set out in the opinion:

"It was the evident intent of the statute to stabilize not only the title (with the exception provided in the statute), but also the use, enjoyment, and occupancy of the homestead during the period stipulated therein, viz. the life of the widow and the minority of the child or children. None of those in whom the exemption becomes vested can lawfully exclude another of them from the occupation of the premises, or lawfully deny to a coexemptioner, *residing on the premises* [italics supplied], the benefit of rents, incomes, and profits of or from the premises."

And further:

"That the right to have in severalty the rents, incomes, and profits does not exist; that the right such a coexemptioner has is in community with the coexemptioner or coexemptioners, and must be enjoyed through a joint occupancy of the 'shelter' the laws intend to afford the surviving widow and minor children, trusting to the widow's affectionate regard and motherly instinct to deal justly and fairly with the young who are equal shareholders with her in the homestead premises and its avails."

In denying the relief in question, the opinion emphasizes the omission of the bill to charge that respondent has excluded the minor from the enjoyment of the homestead or from the benefit of its avails while residing thereon.

On remandment the bill was amended, and, demurrers thereto having been sustained, the equity of the bill in this aspect is again presented for consideration.

As amended, the bill now shows that neither the respondent widow nor the complainant's ward, the minor, has ever resided on the exempted land; and it charges that respondent has rented out said land for the years 1916 and 1917 severally, and collected the rents therefor, and refuses to account to complainant therefor, claiming that said minor is not entitled to any part thereof; wherefore it is charged that complainant's ward "has been excluded from the possession of said real estate, and from participation in the rents and income which have been actually received therefor by the said Eliza Ford."

As we interpret the opinion on the former appeal, it was then held: (1) That there can in no case be a severance of rents and income as between the coexemptioners of an occupied homestead estate; and (2) that a coexemptioner not residing on the land, and not excluded by his coexemptioners from such a residence, has no right to have an accounting from resident coexemptioners— one or more—who have collected and appropriated to their exclusive use any money or other valuable income derived from the place.

[1] It should be noted, however, in passing, that upon any theory of rights the original bill was obviously defective, in so far as the right to an accounting is concerned, in that it merely charges, in the alternative, that respondent cultivated the land herself, or rented it out and received the rents, income, and profits. The first alternative gave no equity to the bill.

The amended bill now answers these inhibitions by showing that neither of these coexemptioners has ever occupied this land as a homestead, and that respondent denies the minor's right to share in the rents collected.

[2] Where the exempted land is actually occupied as a homestead by one or more of the coexemptioners, and particularly by the widow, and the unity of the family remains unbroken, there are cogent reasons, founded upon sound policy and propriety, for a

denial by the courts of the right of any member, whether resident or absent, to claim a pro rata share in severalty of such rents and profits as may be derived from the land; and it may be, as intimated on the former appeal, that the widow and mother, standing in loco parentis, and charged with the duty of supporting her minor children, will not be held to any such accounting for rents and profits actually received as may ordinarily be had by and between tenants in common, though this is not to say that in case of the unfair treatment and exclusion of one beneficiary by the other, or others, a court of equity would not or could not find and apply some appropriate remedy for the protection of the one thus excluded; for it is to be observed that the right in question is a property right, and the equality of its enjoyment according to the very terms of the statutes (Code, §§ 4196, 4227) ought in no case to be forcibly destroyed, though it might be voluntarily abandoned.

[3] But we are convinced that the considerations adverted to above ought not to be an obstacle to the relief now sought under the amended bill. The statutes, it is true, contain in themselves no provisions looking to the enforcement of the equality of benefit expressly declared, and where the family is a collective unit, as is nearly always the case, courts may very well presume a legislative intent that the rents and income shall be collectively administered by the widow, as natural guardian of the minor children, and in such a case a specific admeasurement and appropriation of shares is manifestly impracticable as well as inexpedient.

[4] But when the family is not a social unit, when one or more members are strangers in blood and in law to the widow, the situation is entirely changed, and there is neither reason nor necessity for a collective consumption of the joint income; and we see no reason for applying here a rule which is dictated by conditions and considerations here nonexistent.

Why, indeed, should the mandate of equal enjoyment, clearly intended and plainly prescribed, be trampled under foot upon the theory of family unity, and joint occupation of the land, and trust in the natural affection of a mother, when none of these things exist? And why should equity balk at a remedy which is not merely just, but is essential to the accomplishment of the statutory purpose, merely because in some other cases it is not appropriate or expedient?

There is nothing new in the remedy here invoked, nor can its exercise in any way disturb the status or tenure of the homestead estate, nor interrupt its enjoyment as prescribed by law. On the contrary, it is designed to secure that enjoyment in exact accordance with its mandatory provisions. Nor can it be used oppressively, since it must be preceded in every case by a personal demand for and refusal of accounting, as between ordinary tenants in common. In a case like this there can be no serious hardship or inconvenience in the simple requirement that the widow must pay over to the minor his share of the income as it is collected by her. That is a duty and a burden inherent in their common estate.

Complainant's ward, the minor child, stands in no personal relation whatever to his stepmother, the respondent, and is not a member of her family. By law, and doubtless also by necessity, his home and his residence are with his guardian, his paternal grandfather. The exempted land is not a homestead, and has never been occupied as such by either the widow or the minor.

The statute (Code, § 4197) which grants a so-called homestead exemption out of any other land of the decedent, in lieu of an actual homestead when there was none, conserves its purpose by giving to its beneficiaries a substantial equivalent in property value for the missing homestead; and the statutes manifest indifference to the future status of this homestead substitute, as to its use, by declaring occupation unnecessary (Code, § 4228), and providing that the rents and profits shall inure to the equal benefit of its owners (Code, § 4196).

The lawmakers must, therefore, have anticipated that in many cases, whether from the inadaptability of the exempted homestead substitute, or from inconvenience, or from the voluntary choice of its owners, the exempted land could not or would not become their actual homestead by occupation. And, if it has not that character, it is difficult to find any sound reason, so far as the questions now under consideration are concerned, for regarding this estate as other than an ordinary tenancy in common, valuable only for rental and income returns, and subject to the usual rights and remedies accorded to tenants in common, one of the most important of which is the right to have an accounting from any cotenant who has actually received the rents and profits arising from the land. Gayle v. Johnston, 80 Ala. 395.

As shown by the bill of complaint, the title to this land is vested absolutely in the widow and minor. It is used by the widow for pecuniary profit only. The statute (Code, § 4227) explicitly declares that the title vests absolutely in the widow and minor child, or children, or either, as the case may be, "share and share alike," and is to be held and governed by the provisions of section 4196, to which we have already referred.

To deny the relief here sought would accomplish not only a complete devisceration of the minor's estate, but would in fact nullify the statute by making the widow the sole beneficiary of the exemption, instead of

a joint beneficiary, as intended and expressly provided by the statute.

We think the bill, as amended, contains equity, and was not subject to the demurrer.

The writer, speaking for himself alone, is not committed to the proposition that the minor would not, on the facts here shown, be entitled to the same relief, even though the respondent widow occupied a portion of the premises as her homestead—a question not now presented.

The trial court erred in sustaining the demurrer, and its decree will be reversed, and a decree will be here rendered overruling the demurrer.

Reversed, rendered, and remanded.

MAYFIELD, SAYRE, and THOMAS, JJ., concur.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., dissent.