(122 So. 636)

DUTTON v. SWANN et al. (6 Div. 385.)

Supreme Court of Alabama. May 30, 1929.

J. T. Johnson, of Oneonta, for appellant.

Nash & Fendley, of Oneonta, for appellees.

GARDNER, J. John Dutton, a resident of Blount county, died on August 8, 1924, leaving adult and minor heirs by former marriages, and a widow, Mary Dutton. His estate consisted of an 80-acre homestead valued at $1,500 or $1,600, a 40-acre tract valued at $300 or $400, some personalty, such as mules, wagon, trucks, and a few hundred dollars on deposit in the bank. There was administration of his estate, one Louis Johnson having been appointed administrator, and, when the appraisement was being made (September 16, 1924), said widow agreed in writing to accept certain personal property, including the crop then ungathered, in full settlement of her interest in the estate. In November following she seemed dissatisfied, and employed an at-torney to file her claim of exemptions, but on the seventh day of that month she withdrew the same and executed a deed to the administrator, which was duly acknowledged and recorded; the only additional consideration being the payment of her attorney's fee by the administrator. She rented the home place for the year following, and then moved, living now in Morgan county.

In March, 1927, she filed the bill in this cause for a removal of the administration into the equity court, and seeking the cancellation of the two instruments above referred to, upon the ground of undue influence and without consideration. The order removing the administration of the estate was duly entered, but upon consideration of the cause for final decree on pleadings and proof the chancellor denied the special relief sought as to cancellation, and from this decree complainant prosecutes the appeal.

It is not seriously insisted by counsel for appellant that the charge of undue influence is sustained by the proof. Indeed, the evidence tends to show her attorney in fact advised against the execution of the deed of November 7th, but stated he would not stand in the way of such a settlement if she so desired. So far as the homestead was concerned, it clearly appears she did not wish to continue to live there, and its yearly rental value varied from $65 to $100, with two minors by a former marriage interested. Strong v. Ford, 203 Ala. 110, 82 So. 124.

The real insistence for reversal rests upon the theory that complainant received no more than her exemptions as to personalty, and that therefore the transaction lacked supporting consideration. Crownover v. Crownover, 216 Ala. 286, 113 So. 42; Ritcher v. Ritcher, 180 Ala. 218, 60 So. 880. Without stopping to inquire or decide whether in any event the case here presented comes within the influence of these two last cited authorities, we consider the case upon appellant's theory.

In considering this question of fact appellant would eliminate the substantial sum realized by the widow from the crop then ungathered, citing section 7437, Code of 1923, and Blair v. Murphree, 81 Ala. 454, 2 So. 18. This authority is to the effect the administrator may exercise a degree of discretion in regard to such crops, more fully considered in Marx v. Nelms, 95 Ala. 304, 10 So. 551, and the evidence shows he waived any right thereto as a part of the consideration moving to the widow in the instant case. The other personalty exceeded in value $1,000. We are of the opinion any receipts from the crop are therefore properly to be taken into consideration.

Appellant advances the further theory that under the statute the entire $1,000 of personalty as exemptions is to be delivered to

the widow. Section 7924, Code of 1923. Such is the usual rule where the social relation of the family exists and its continuance is contemplated, though the widow takes the property impressed with the trust that she will employ or use it in maintenance of herself and minor children. Lanford v. Lee, 119 Ala. 248, 24 So. 578, 72 Am. St. Rep. 914; Snead v. Scott, 182 Ala. 97, 62 So. 36.

But in the instant case, there was no continuance of the social family relation. The minors, a short time after the death of their father, went elsewhere to live, and they have a legally appointed guardian. Under the circumstances here disclosed, these minors were entitled to their pro rata share of the personalty exemptions. Such is the effect of the holding in Lanford v. Lee, supra, cited approvingly in Snead v. Scott, supra.

Upon application of these principles to the facts here presented, the conclusion is clear that the insistence appellant received no more than her share of exempt personalty is without merit, and that the transaction was supported by a valuable consideration. We see no sufficient cause to set it aside.

The decree denying relief will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.