185 So. 417

**McCOLLOUGH v. McCOLLOUGH et al.**

4 Div. 57.

Supreme Court of Alabama.

Nov. 25, 1938.

Rehearing Denied Jan. 12, 1939.

P. B. Traweek, of Elba, for appellant.

Brunson & Rowell, of Elba, for appellees.

ANDERSON, Chief Justice.

The appellant filed her bill to set aside and vacate a certain deed purporting to be executed by herself and husband to a certain tract of land of 47 acres owned by her said husband and which was occupied by them as a homestead at the time the deed was made and when the husband died, which was a few days thereafter. The facts show that the homestead in question was less in area and value than the exemptions to which the widow was entitled and that the husband left no minor children or other real estate. This complainant was therefore entitled to same and to the absolute title thereto when set apart. The deed in question was but a gratuitous reduction or renunciation of her rights from the ownership of the entire homestead to a life interest in half of same.

It is urged that the deed was not in fact delivered or if delivered should be set aside because the complainant was induced through fraud or deceit to sign same. It may be questionable if the delivery was so absolute or unconditional as our authorities require, but we need not decide this question as we prefer basing this decision on the second point urged, that is, conceding that there was a valid delivery, the deed was not binding on the wife because induced by fraud or deceit in law if not mala fides. She was presumptively under the influence of her husband and his friends, was ignorant of the law as to her rights to the property in question and was not informed by any one as to the rights she had in the property and was, in effect, led to believe that she was gaining a life interest in the property instead of giving away a substantial part of same.

It may be that Mr. Fleming, her husband's attorney, nor any one else made any misrepresentations to her, but it is undisputed that no one informed her of her rights to the property and she was, in effect, induced to believe that she was the gainer instead of the loser by the execution of the deed.

She was excluded from the conference her husband had with his attorney and friends leading up both to the preparation and the execution of the deed and, while the deed may have been read over to her and voluntarily signed by her, no one explained to her her rights in the matter or that the deed in question was reducing her rights or interest in the land.

It is well settled that when the wife, during coverture, is induced without adequate consideration to release or renounce her interest in the husband's estate, such as dower or exemptions, the burden is upon the husband or those thereby benefited to show that she fully and voluntarily entered into the conveyance with a full knowledge of her interest in the estate and its approximate value. Merchants' Nat. Bank of Mobile et al. v. Hubbard et al., 222 Ala. 518, 133 So. 723, 74 A.L.R. 646; Rash v. Bogart, 226 Ala. 284, 146 So. 814. The respondents did not meet this burden and the trial court erred in not canceling and vacating the deed of 1937, marked Exhibit "A" in the record. The instrument marked Exhibit "B", purporting to be a deed in 1929, from A. M. McCollough to his son, J. H. McCollough, is of no moment as the trial court held that it was never legally executed and ignored the same, and the respondents did not take a cross appeal. We agree, however, with the trial court in the treatment of this purported deed of 1929.

The decree of the circuit court is reversed and one is here rendered holding that the deed of 1937, Exhibit "A", be canceled and annulled, and the cause is remanded in order that the trial court may render a proper decree or order directing a cancellation of same upon the record.

Affirmed in part, reversed and rendered in part, and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.