17 So.2d 400

### SMITH v. SMITH.
### 7 Div. 749.

Supreme Court of Alabama.
March 23, 1944.

Scott & Dawson and A. E. Hawkins, all of Fort Payne, for appellant.

L. L. Crawford and C. A. Wolfes, both of Fort Payne, for appellee.

BOULDIN, Justice.

The wife filed her bill against the husband, seeking a divorce upon the ground of cruelty, together with alimony, counsel fees, and custody of their minor children.

As a separate aspect of the bill, she sought to cancel and set aside a deed executed by her to her husband conveying her undivided half-interest in an eighty-acre tract of lands theretofore conveyed to them jointly, and occupied as their

homestead to the time of their separation. The bill charged the deed was procured by fraud, misrepresentation and undue influence on the part of the husband.

The final decree granted complainant a divorce, awarded alimony, counsel fees, and the custody of the children, and cancelled the deed for fraud and misrepresentation.

Touching alimony and custody of the children the court, on motion modified the decree, so as to make a temporary arrangement only, subject to further decretal orders, as conditions should appear.

This appeal presents for review only the decree cancelling the deed from wife to husband, and revesting the wife with a half-interest in the lands.

The deed was a deed of gift inter vivos, passing present title and rights of possession to the wife's entire estate, stripping her of all right of use and enjoyment, save that of joint occupancy as a homestead.

The text of 26 Am.Jur. 876, § 269, reads: "It is recognized that the most dominant influence of all relations is that of husband over wife, and transactions between them, to be valid, particularly as to her, must be fair and reasonable and voluntarily and understandingly made. Such transactions are jealously scrutinized to prevent the wife from being overreached or defrauded by the undue influence or improper conduct of the husband; * * *."

Since our married woman's laws have given her an independent status in the ownership, use and enjoyment of her property, her rights to her own earnings, to engage in business, as well as the exercise of full political rights, unknown at common law, it may be said the lawful domination of the husband is much changed, and his dominance in fact as a matter of common observation is not so universal as in other days. Clearly, the facts of the individual case come much to the fore in these days.

Yet, our married woman's law, legalizing contracts between husband and wife, expressly declares they shall be subject to the rules obtaining in transactions between persons standing in confidential relations. Code, Title 34, § 74.

Neither can she alienate or mortgage her land, save in exceptional cases, without the assent of her husband evidenced by his joining in the alienation. Code, Title 34, § 73.

This statute recognizes the function of the husband in safeguarding the wife against imposition, etc. So in all normal situations the husband is presumed to be the dominant party in transactions, inter vivos, with the duty to shield the wife against oppressive dispositions of her property; a duty growing out of this special confidential relation. Merchants' Nat. Bank of Mobile v. Hubbard, 222 Ala. 518, 523[8, 9], 133 So. 723, 74 A.L.R. 646.

One of our latest statements of the law appears in Ray v. Ray, 238 Ala. 269, 189 So. 895, headnote 3, which reads: "Gifts procured by husbands and purchases made by them from their wives should be scrutinized with vigilant suspicion, and the court, on the appearance of the slightest circumstance of suspicion, should require of the husband satisfactory proof that transaction resulted from the pure, voluntary and well-understood act of the mind of the donor."

See also Crowder v. Crowder, 217 Ala. 230, 115 So. 256; Hill v. Hill, 217 Ala. 235, 115 So. 258; Manfredo v. Manfredo, 191 Ala. 322, 68 So. 157; Bancroft v. Otis, 91 Ala. 279, 288, 8 So. 286, 24 Am.St.Rep. 904; Roper v. Lenoir, 243 Ala. 583, 11 So.2d 361.

In the light of these principles we have carefully studied and considered this record, with the aid of earnest arguments of counsel insisting that the wife was the dominant party, and freely and voluntarily executed this deed.

We have not overlooked, or failed to consider the background of the transaction, the source of the money used to purchase the property some three years before, and the attitude as well as reactions growing out of those events. Suffice to say the husband was the dominant party in the transaction resulting in the procurement of those funds. The written agreement executed by both husband and wife at the time does not appear in this record. The purchase of this land and taking the deed in their joint names is quite readily inferred to be in keeping with the transaction when the money was obtained. Some evidence corroborates the wife touching the husband's dominance in their affairs, not to say domineering attitude. Evidence disclosed a disturbed and upset state of mind of the wife. That her own former misconduct had contributed to a strained family status, may be as readily looked upon as bringing her under the easy dominion of the husband in this transaction.

He was the actor in getting this deed prepared. We think it was executed on his demand, to say the least.

There is ample evidence to cast upon him the burden of going forward with evidence to clearly show the deed was the free and voluntary act of the wife. We agree with the trial court that this burden has not been met, even if we disregard the testimony of the wife to the effect that it was procured by threats of violence.

If the eventualities growing out of a joint ownership of this eighty-acre tract, of which some fifty or more acres are in cultivation, may result in a hurtful situation to the husband, this could hardly be held a good reason for denying the relief granted. The trial court's temporary arrangement as to the children leaves open to further orders such disposition of their custody as may be to their interest. The sense of responsibility for their welfare on the part of both husband and wife from here out will doubtless figure in future orders.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.