42 So.2d 461

**NORRELL v. THOMPSON et al.**

8 Div. 456.

Supreme Court of Alabama.

Oct. 13, 1949.

Marion F. Lusk, of Guntersville, for appellant.

Lanier, Price, Shaver & Lanier and M. H. Lanier, Jr., of Huntsville, for appellees.

604

**SIMPSON, Justice.**

Bill in equity by appellant, as the wife of Robert J. Norrell, deceased, against his devisees and the executor under his will, to have declared appellant's dower, homestead, and quarantine rights in his real estate.

Appellant and Norrell intermarried in December, 1939, and lived together spasmodically for a total period of only a few months. He died testate in 1946, seized of certain realty consisting of about 230 acres in Madison County, Alabama, and personalty of nominal value. By his will his entire estate was devised and bequeathed to his son and daughter, the children of his first marriage, two of the appellees in this case. Appellant at the time of the marriage also owned property in Guntersville, Alabama.

In defense of the bill the appellees made answer by setting forth and exhibiting a duly executed ante-nuptial agreement between appellant and her deceased husband, made immediately prior to the marriage, which provided substantially that the parties did mutually agree to relinquish any and all rights in the properties of each other upon the death of either party.

On a final submission of the case on evidence taken before the register, the lower court dismissed the bill and from this adverse decree the appeal has proceeded.

■ Ante-nuptial contracts between intended husband and wife have long been enforced in courts of equity, Webb v. Webb's Heirs, 29 Ala. 588 and now contracts between husband and wife are specifically sanctioned by statute (Code of Alabama 1940, Title 34, § 74). But whether ante-nuptial or post-nuptial, such contracts are scrutinized by the courts because of the confidential relationship of the parties and certain safeguards have been declared as necessary to protect the interests of the wife or intended wife, under the old theory that the husband is the dominant of the two parties. Webb v. Webb's Heirs, supra; Smith v. Smith, 245 Ala. 420, 17 So.2d 400; Merchants' Nat. Bank v. Hubbard, 222 Ala. 518, 133 So. 723, 74 A.L.R. 646; Barker v. Barker, 126 Ala. 503, 28 So. 587.

■ The governing principle as regards the enforcibility of such contracts on the part of the husband or his representative is perhaps best expressed in Merchants' Nat. Bank v. Hubbard, supra, wherein the court said: "* * * we think the rule requires that the consideration be adequate, and the entire transaction fair, just, and equitable from the wife's view, or that it was freely and voluntarily entered into with competent independent advice and full knowledge of her interest in the estate and its approximate value, and that the husband or his representatives have the burden in that respect." 222 Ala. 524, 133 So. 728.

Decision here turns on whether this ante-nuptial agreement, under the evidence as adduced, meets the requirement of that rule.

From the evidence it appears, and the lower court so found, that the properties owned by the respective parties immediately prior to their marriage were about of equal value and we cannot with any degree of certainty take issue with this finding having in mind that the matter cannot be determined with exact mathematical accuracy and that the court is not "disposed to institute a nice comparison," just so there is no great disparity in value. Webb v. Webb's Heirs, supra, 29 Ala. 588, 601(4); Merchants' Nat. Bank v. Hubbard, supra, 222 Ala. 518, 524(5), 133 So. 723, 74 A.L.R. 646; Gould v. Womack, 2 Ala. 83. It further appears from the evidence, and the appellant so admitted in her testimony, that she entered into the agreement freely and voluntarily, that she was not acting under duress, and further that the attorney who

drafted the document advised her that by executing the same she was giving up her interest in her prospective husband's estate.

We do not regard the cases of Collier v. Tatum, 230 Ala. 218, 160 So. 530, and McCollough v. McCollough, 237 Ala. 77, 185 So. 417 (heavily relied on by appellant to sustain her appeal) as precedents or as in any way decisive for a conclusion contrary to that attained below. Nor do we find in the evidence those circumstances of duress or misdealing toward the wife as are denounced in the adjudged cases. In the Collier case the court found from the evidence that there was no consideration for the post-nuptial agreement and refused to enforce it, and in the McCollough case the court vacated a post-nuptial conveyance of the wife's homestead executed a few days before the husband's death because there was no adequate consideration for such conveyance, the wife having had no independent competent advice, no one having explained to her her rights in the matter, or that the deed in question was reducing her interest in a homestead she would have received anyway.

The case in hand, as heretofore noticed, presents an entirely different factual picture. Here the consideration was established to be reasonably adequate, both relinquishing valuable rights in the other's properties and, according to the attorney who prepared the document, appellant seemingly exhibited as much or perhaps more eagerness for its execution than did Norrell. As stated, appellant admitted knowledge of the effect of the instrument when on cross-examination appellee's attorney propounded the following question: "Did he [the attorney who drafted the instrument and who was present at the execution thereof] tell you by signing this you gave up your interest in and to his properties * * *" to which she replied, "Yes sir."

[redacted] After viewing the whole evidence, we find no escape from the conclusion that the ante-nuptial agreement was equitable from the wife's point of view, that the entire transaction was fair, well-understood by her, and that the contract was mutual in its operation and legal effect, and rested upon a reasonably adequate consideration. So considered, it must be upheld. Merchants' Nat. Bank v. Hubbard, supra; Barker v. Barker, supra; Rash v. Bogart, 226 Ala. 284, 146 So. 814.

It results, therefore, that the decree of the circuit court dismissing the appellant's bill must be sustained.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.