ALMON, Justice.
This is the second appeal of this case. In King v. Reid, 428 So.2d 611 (Ala.1984), this Court held that if equity required that Mrs. King be relieved from her waiver of her homestead rights, “the homestead law would allow her an interest in the property notwithstanding the terms of the will.” Id., at 615. This Court reversed and remanded to enable the trial court to determine whether to grant equitable relief from the waiver. On remand, the trial court held that Mrs. King “relinquished and waived her right to dower and homestead ... by executing a valid written waiver instrument.”
The facts on this appeal are substantially the same as those set out in the previous opinion. The issue before us is whether the trial court correctly applied the law to the facts in refusing to relieve Mrs. King from the waiver.
As in the prior trial, Mrs. King testified that she signed the waiver without reading it or understanding what it was. She testified that she signed it because her husband asked her to and that she did everything he said. There was corroborating evidence indicating that Mr. King was the dominant party in the marriage. Mr. King executed the will on July 5, 1972, the same day Mrs. King signed the waiver. They both signed at the office of a local attorney. Mrs. King testified that neither her husband nor the attorney explained anything to her about what she was signing.
The only evidence contradicting Mrs. King’s testimony was the testimony of the attorney. He had no independent recollection of the occasion, but only testified that under his usual practice, he would not have instructed her to sign the waiver without explaining its nature and effect. Mrs. Reid did testify that her father told her he wanted his daughters, not his wife, to have the property, but this does not contradict Mrs. King’s testimony that he induced her to sign the waiver without knowledge of its contents or import.
A waiver of homestead rights may be valid, but
“the rule requires that the consideration be adequate, and the entire transaction must be fair, just and equitable, from the wife’s view, or that it was freely and voluntarily entered into with competent independent advice and full knowledge of her interest in the estate and its approximate value, and that the husband or his representatives have the burden in that respect.” (Emphasis added.)
Merchants’ National Bank of Mobile v. Hubbard, 222 Ala. 518, 524, 133 So. 723, 738 (1931); King v. Reid, supra; Allison v. Stevens, 269 Ala. 288, 112 So.2d 451 (1959); Norrell v. Thompson, 252 Ala. 603, 42 So.2d 461 (1949); McCollough v. McCollough, 237 Ala. 77, 185 So. 417 (1938); Dutton v. Swann, 219 Ala. 425,122 So. 636 *9 (1929); Richter v. Richter, 180 Ala. 218, 60 So. 880 (1913).
As the Court noted in Merchants’ National Bank of Mobile, “[a]n unadvised election is upon the same basis as an election procured by fraud.” 222 Ala. at 525, 133 So. at 729. The above-stated rule arises from the recognition that the relationship of confidence and trust between spouses requires that a waiver such as the one executed by Mrs. King be exercised independent of the dominance of the other spouse. The favor with which the law looks upon marital property rights places the burden upon those seeking to take under a waiver to demonstrate that the waiver was validly made.
The evidence of record does not support a finding that the waiver was validly executed. Mrs. King’s testimony to the effect that she did not execute the waiver knowingly, freely, and voluntarily was essentially uncontradicted. The relief sought is equitable in nature, and equity grants relief in the appropriate circumstances, such as those shown in the record before us.
Mrs. Reid brought this action for unlawful detainer. The trial court, finding the waiver of homestead rights valid, granted her “the immediate right of possession to said premises located at 3001 East Riverside Drive, Mobile, Alabama.” In view of our holding that the evidence does not support the finding of validity, this judgment must be set aside.
The judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.